The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REX – REAL ESTATE EXCHANGE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW INC., a Washington corporation; ZILLOW GROUP, INC., a Washington corporation; ZILLOW HOMES, INC., a Delaware corporation; ZILLOW LISTING SERVICES, INC., a Washington corporation; TRULIA, LLC, a Delaware limited liability company; and THE NATIONAL ASSOCIATION OF REALTORS, an Illinois trade association,<br><br>Defendants. | CASE NO.  2:21-cv-00312-TSZ<br><br>STATEMENT OF INTEREST ON BEHALF OF THE UNITED STATES OF AMERICA |

**INTEREST OF THE UNITED STATES**

The United States respectfully submits this statement pursuant to 28 U.S.C. § 517, which permits the Attorney General to direct any officer of the Department of Justice to attend to the interests of the United States in any case pending in a federal court.  The United States is

STATEMENT OF INTEREST ON BEHALF OF
THE UNITED STATES OF AMERICA - 2:21-cv-00312-TSZ - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

principally responsible for enforcing the federal antitrust laws, *United States v. Borden Co.*, 347 U.S. 514, 518 (1954); *see* 15 U.S.C. §§ 4, 25, and has a strong interest in their correct application. We submit this statement to prevent the drawing of unwarranted inferences from a now-expired 2008 consent decree between the United States and defendant The National Association of Realtors (NAR). The United States takes no position on any other issue in the case.

**STATEMENT**

1. During the early 2000s, the United States investigated and resolved an antitrust case involving NAR rules that allegedly thwarted the utility and growth of Internet websites operated by real estate brokers who sought to compete by providing online services to sellers or buyers of residential real property. Doc. 85-3, *United States v. NAR* Complaint ¶¶ 1-7. The United States sought to protect innovation and competition by ensuring that multiple-listing services (MLS) would treat brokers employing Internet websites in the same way that the MLSs treated brokers who provide services through traditional "brick-and-mortar" business models. *Id*. ¶ 2.

Specifically, in 2003 NAR adopted a policy relating to "virtual office websites" (VOWs) that allowed brokers to opt out of having their MLS listings displayed on the VOW sites of competing brokers and prohibited VOWs from engaging in certain conduct. *Id*. ¶ 3. The United States investigated NAR's VOW policy and sued NAR in 2005. The United States and NAR settled the case and agreed to the 2008 consent decree. The decree prohibited NAR from adopting or enforcing any rule or practice that prohibited a broker from using a VOW or from impeding a broker's ability to operate a VOW. Doc. 85-4, Final Judgment 5-6.

STATEMENT OF INTEREST ON BEHALF OF
THE UNITED STATES OF AMERICA - 2:21-cv-00312-TSZ - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.    Plaintiff REX challenges the Zillow defendants' implementation of a NAR rule providing:

> Listings obtained through IDX feeds from Realtor® Association MLSs where the MLS participant holds participatory rights must be displayed separately from listings obtained from other sources. Listings obtained from other sources (e.g., from other MLSs, from non-participating brokers, etc.) must display the source from which each such listing was obtained.

Doc. 1, Complaint ¶ 85. The Court has referred to this as the No-Commingling Rule. REX alleges that Zillow and NAR's concerted action to "make non-MLS listings accessible only via a recessed, obscured, and deceptive tab that consumers do not see, and even professional real estate agents find deceiving," *id*. ¶ 8, violates, among other things, Section 1 of the Sherman Act, 15 U.S.C. § 1.

3.    REX moved for a preliminary injunction. NAR, in opposition to REX's motion, cited a NAR policy, supposedly similar to the No-Commingling Rule, that appears in an attachment to the 2008 consent decree:

> An MLS may not prohibit Participants from downloading and displaying or framing listings obtained from other sources, e.g., other MLSs or from brokers not participating in that MLS, etc., ***but may require either that (i) such information be searched separately from listings obtained from other sources, including other MLSs.***

Doc. 84, NAR Mot. To Dismiss 3-4 (NAR's emphasis). The Court, in its Order denying REX's motion, also referenced the 2008 consent decree:

> In addition, the Court notes that a 2008 consent decree expressly permits NAR to adopt a policy that its affiliated MLSs may require that their listings "be searched separately from listings obtained from other sources, including other MLSs." Ex. A to Consent Decree at § IV(3), Ex. 27 to Glass Decl. (docket no. 66-27).

Doc. 80, Order 13 (footnote omitted).

STATEMENT OF INTEREST ON BEHALF OF
THE UNITED STATES OF AMERICA - 2:21-cv-00312-TSZ - 3

UNITED STATES ATTORNEY
700 S<small>TEWART</small> S<small>TREET</small>, S<small>UITE</small> 5220
S<small>EATTLE</small>, W<small>ASHINGTON</small> 98101
(206) 553-7970

The Zillow defendants and NAR now have moved to dismiss the Complaint, and NAR again has cited the 2008 consent decree and moved the Court to take judicial notice of it.

**ARGUMENT**

By claiming that the government "approved" the search policy in the attachment to the 2008 consent decree, *see* Doc. 93, NAR Reply in Support of Mot. To Dismiss 7-8, NAR implies that the government has determined that the policy—and by extension the No-Commingling Rule—is consistent with the antitrust laws. That implication, however, is incorrect.[1] The 2008 consent decree resolved the United States' antitrust claims against NAR for specific exclusionary policies targeting brokers using innovative online platforms. In that case, the United States did not examine the rest of NAR's policies, including the No-Commingling Rule, and therefore those policies simply were not subjected to antitrust scrutiny. *See* https://www.justice.gov/atr/case-document/file/505761/download, at 35 (agreeing that "[NAR's] IDX Policy was NOT the subject of the DOJ's pre-complaint investigation, complaint, amended complaint or discovery" and "the United States takes no position as to the permissibility under the antitrust laws of NAR's IDX Policy"). Contrary to NAR's argument, therefore, those other policies, including the supposedly similar search policy that appears in an attachment to the 2008 consent decree as part of NAR's IDX Policy, were in no sense analyzed and found consistent with antitrust laws.

---

[1] The inference of lawfulness that NAR would draw is also procedurally improper. Even assuming that the Court could take judicial notice of the 2008 consent decree, the Court cannot draw inferences from it that are disputed by REX. Doc. 91; *cf. Lee v. City of Los Angeles*, 250 F.3d 688, 690 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (internal quotation marks and citation omitted).

STATEMENT OF INTEREST ON BEHALF OF
THE UNITED STATES OF AMERICA - 2:21-cv-00312-TSZ - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

As explained above, the government case that resulted in the 2008 consent decree challenged a NAR rule of broad application that allowed traditional real estate brokers to "opt out" of providing their sellers' MLS listings to internet-based agencies. The alleged purpose and anti-competitive effect of NAR's policy was to "impose greater restrictions and limitations on brokers with Internet-based business models than on traditional brokers." Doc. 85-3 ¶ 35. The conduct challenged here by REX—alleged "display bias" by one particular aggregator of residential real estate listings, Zillow, caused by segregating search results (MLS listings from non-MLS listings) in a particular way—is different from the conduct challenged in the government's 2005 case. The government did not there challenge either the No-Commingling Rule or the supposedly similar search policy cited by NAR.

The government "approved" the search policy cited by NAR only to the extent of permitting it as part of the Modified VOW Policy required by the 2008 consent decree. The policy appears in a lengthy attachment that revised NAR's policies to comply with the decree's injunctions. The 2008 decree did not affirmatively determine the policy challenged in this case (or any other NAR policies noted in the attachment to the decree) to be pro-competitive or lawful.

A consent decree that does not expressly prohibit certain aspects of a defendant's conduct, and merely permits the defendant to continue such conduct that was neither investigated nor challenged, does not imply that the conduct is, or has been determined to be, lawful. The government may have many reasons having nothing to do with lawfulness for not challenging particular conduct at the time of the decree or for permitting conduct to continue subject to later investigation. In *Penne v. Greater Minneapolis Area Bd. of Realtors*, 604 F.2d 1143 (8th Cir. 1979), the defendant realty board argued that its dissemination of commission rate information

STATEMENT OF INTEREST ON BEHALF OF
THE UNITED STATES OF AMERICA - 2:21-cv-00312-TSZ - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

was permitted by an earlier settlement and injunction stating that "[n]othing in this injunction shall be deemed to prohibit" that conduct. The Court of Appeals rejected that argument, stating "[t]he short answer to this argument is that nothing in the Forbes injunction . . . can be construed to countenance the sort of dissemination of price information as is here involved if such dissemination is shown to have anti-competitive effects forbidden under the Sherman Act." *Id*. at 1150.

Consistent with *Penne*, the 2008 consent decree contained an express reservation of the United States' rights in Section IX, "No Limitation on Government Rights." Doc. 85-4 at 11. That section provides that "[n]othing in this Final Judgment shall limit the right of the United States to investigate and bring actions to prevent or restrain violations of the antitrust laws concerning any Rule or practice adopted or enforced by NAR or any of its Member Boards." This reservation applies to the entire Final Judgment, not just to the "Permitted Conduct," and it therefore renders unavailing NAR's attempt to distinguish *Moehrl v. NAR*, 492 F. Supp. 3d 768 (N.D. Ill. 2020), on the ground that the NAR rule challenged there was only "permitted" by the decree rather than "approved" (Doc. 93 at 8). This reservation also confirms that the United States did not permit— much less "approve"—NAR to use the consent decree to shield from future investigation or challenge "any Rule or practice adopted or enforced by NAR or any of its Member Boards." Doc. 85-4 at 11.

In any event, the 2008 consent decree was limited to a ten-year term, Doc. 85-4 § X, which shows that it was not intended to apply long into the future when the real estate industry likely would have changed. The decree expired in 2018 and should not be read to apply to industry developments, such as the massive growth of Zillow into an allegedly critical platform for marketing homes directly to consumers (as opposed to through a multiple listing service),

STATEMENT OF INTEREST ON BEHALF OF
THE UNITED STATES OF AMERICA - 2:21-cv-00312-TSZ - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| 1 | which hardly existed in 2008. *See generally NCAA v. Alston*, 141 S. Ct. 2141, 2021 U.S. LEXIS |
| 2 | 3123, *59 (June 21, 2021) ("And judges must be open to clarifying and reconsidering their |
| 3 | decrees in light of changing market realities."). |
| 4 | In two other pending cases, NAR has tried similarly to use the 2008 consent decree to |
| 5 | shield conduct that the government neither investigated nor challenged in the 2005 case that |
| 6 | resulted in the decree.  The United States responded with Statements of Interest in those cases, |
| 7 | and both courts properly declined to draw any inference in favor of NAR from the 2008 consent |
| 8 | decree.  *See Sitzer v. NAR*, 420 F. Supp. 3d 903 (W.D. Mo. 2019) (no mention of 2008 consent |
| 9 | decree despite NAR's argument based on it); *Moehrl*, 492 F. Supp. 3d at 786 ("The Court agrees |
| 10 | with the United States that nothing in the [2008] consent decree can be read to immunize the |
| 11 | practices challenged here from antitrust scrutiny.").  The United States thus respectfully requests |
| 12 | that this Court decline NAR's invitation to draw a similarly unwarranted inference here. |

**CONCLUSION**

No inference should be drawn from the 2008 consent decree that the No-Commingling Rule is consistent with the antitrust laws.

///

///

///

///

///

///

STATEMENT OF INTEREST ON BEHALF OF
THE UNITED STATES OF AMERICA - 2:21-cv-00312-TSZ - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 10th day of August, 2021.

        Respectfully Submitted,

        RICHARD A. POWERS
        Acting Assistant Attorney General

        DANIEL E. HAAR
        NICKOLAI G. LEVIN
        STEVEN J. MINTZ
        Attorneys
        U.S. Department of Justice
        Antitrust Division
        950 Pennsylvania Avenue, N.W.
        Washington, D.C. 20530-0001
        Phone: (202) 353-0256
        Email:  Steven.Mintz@usdoj.gov

        TESSA M. GORMAN
        Acting United States Attorney

        *s/ Kyle A. Forsyth*
        KYLE A. FORSYTH, WSBA #34609
        Assistant United States Attorney
        United States Attorney's Office
        700 Stewart Street, Suite 5220
        Seattle, WA 98101-1271
        Phone: (206) 553-7970
        Fax: (206) 553-4067
        Email:  Kyle.Forsyth@usdoj.gov

        *Attorneys for the United States of America*

STATEMENT OF INTEREST ON BEHALF OF
THE UNITED STATES OF AMERICA - 2:21-cv-00312-TSZ - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970