1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

13

14

REX - REAL ESTATE EXCHANGE,
INC.,

               Plaintiff,

   v.

ZILLOW, INC.; ZILLOW GROUP,
INC.; ZILLOW HOMES, INC.;
ZILLOW LISTING SERVICES,
INC.; TRULIA, LLC; and THE
NATIONAL ASSOCIATION OF
REALTORS,

               Defendants.

C21-312 TSZ

ORDER

15

16

17

18

19

     THIS MATTER comes before the Court on a motion to dismiss, docket no. 101,
Plaintiff's amended complaint filed by defendant the National Association of
REALTORS® ("NAR").  Having reviewed all papers filed in support of, and in
opposition to, the motion, the Court enters the following Order.

20

21

22

23

**Background**

On September 2, 2021, the Court entered an Order,[1] docket no. 98, denying in part and granting in part NAR's motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims, docket no. 84.  The Court denied NAR's motion as to Plaintiff's antitrust claims brought under Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Washington Consumer Protection Act ("CPA"), RCW 19.86.030.  The Court granted NAR's motion as to Plaintiff's claims for false advertising or deceptive acts under the Lanham Act, 15 U.S.C. § 1125, and the CPA, RCW 19.86.020, and dismissed the claims without prejudice and with leave to amend.[2]

On September 30, 2021, Plaintiff filed an amended complaint, docket no. 99.  In its amended complaint, Plaintiff maintains its claims against NAR for alleged violations of Section 1 of the Sherman Act and the CPA, RCW 19.86.030 (Counts I & VI), and Section 1125 of the Lanham Act and the CPA, RCW 19.86.020 (Counts III & V). Am. Compl. at ¶¶ 131–41, 153–62, 179–88 & 189–201 (docket no. 99).  Plaintiff also brings a new claim against NAR, alleging defamation in violation of Washington law (Count VII).  *Id.* at ¶¶ 202–216.  Plaintiff relies on an agency theory to establish NAR's liability, and alleges that Zillow acted as NAR's agent when Zillow designed its website

---

[1] The relevant background of this action is set forth in the Court's Order, docket no. 98.

[2] The Court concluded that Plaintiff failed to state a Lanham Act or CPA claim against NAR for false advertising or deceptive acts because Plaintiff's initial complaint relied on conclusory allegations that did not plausibly allege that NAR had any involvement in designing or encouraging Zillow's allegedly misleading website displays.

1  displays. *Id.* at ¶¶ 156, 184 & 207. NAR requests that the Court dismiss all of Plaintiff's

2  claims.

3  **Discussion**

4     **1.    Article III Standing**

5         The Court previously concluded that Plaintiff has standing to bring its claims

6  against NAR. Order at 7–8 (docket no. 98). NAR takes a second bite at the apple, and

7  argues that Plaintiff's amended complaint confirms that NAR's actions did not cause

8  Plaintiff's alleged injuries. NAR argues that it did not cause Plaintiff's injuries because

9  Plaintiff alleges that some, but not all, NAR-affiliated multiple listing services ("MLSs")

10  reviewed, approved of, or required Zillow to implement its new displays. *See* Am.

11  Compl. at ¶¶ 83–85. Because Plaintiff's amended complaint suggests that some NAR-

12  affiliated MLSs did not require Zillow to change its websites, NAR contends that its rules

13  cannot have caused Plaintiff's injuries. As before, NAR ignores Plaintiff's allegations

14  that NAR is a direct participant in the challenged conduct. Plaintiff challenges the "rules

15  written by NAR and enforced by its member MLSs." *Id.* at ¶ 7. Plaintiff's amended

16  complaint continues to allege that Zillow changed its websites as "a result of [Zillow]

17  joining the MLS." *Id.* at ¶ 105. Plaintiff also alleges that a Zillow representative stated

18  that, "[i]n general these changes are for us to comply with MLS rules." *Id.* The Court

19  concludes that Plaintiff's alleged injuries are fairly traceable to NAR's conduct. The

20  amended complaint plausibly alleges that Zillow changed its websites because of NAR's

21  rules.

22

23

ORDER - 3

1    **2.      Rule 12(b)(6) Standard**

2          Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not

3    provide detailed factual allegations, it must offer "more than labels and conclusions" and

4    contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl.*

5    *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must indicate more than

6    mere speculation of a right to relief.  *Id.*  When a complaint fails to adequately state a

7    claim, such deficiency should be "exposed at the point of minimum expenditure of time

8    and money by the parties and the court." *Id.* at 558.  A complaint may be lacking for one

9    of two reasons:  (i) absence of a cognizable legal theory, or (ii) insufficient facts under a

10   cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th

11   Cir. 1984).  In ruling on a motion to dismiss, the Court must assume the truth of the

12   plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  *Usher v.*

13   *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is

14   whether the facts in the complaint sufficiently state a "plausible" ground for relief.

15   *Twombly*, 550 U.S. at 570.  If the Court considers matters outside the complaint, it must

16   convert the motion into one for summary judgment.  Fed. R. Civ. P. 12(d).  If the Court

17   dismisses the complaint or portions thereof, it must consider whether to grant leave to

18   amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

19        **3.      Antitrust Violations**

20         NAR moves to dismiss Plaintiff's antirust claims.  The Court previously denied

21   NAR's motion to dismiss Plaintiff's antitrust claims under Section 1 of the Sherman Act

22   and the CPA, RCW 19.86.030.  In its amended complaint, Plaintiff does not substantively

23

ORDER - 4

1   amend its antitrust claims against NAR.  *Compare* Compl. (docket no. 1) *with* Am.

2   Compl. (docket no. 99).  NAR argues that Plaintiff's "new factual allegations,"

3   concerning the conduct of "some" NAR-affiliated MLSs defeats Plaintiff's antitrust

4   standing.  However, Plaintiff's allegation that only some NAR-affiliated MLSs engaged

5   in the anticompetitive application of NAR's rules is not new.  *See* Compl. at ¶ 161; Am.

6   Compl. at ¶ 198.  Despite NAR's contention, the amended complaint does not contain

7   new allegations that support dismissing Plaintiff's antitrust claims.

8       Accordingly, the Court DENIES NAR's motion to dismiss, docket no. 101, the

9   antitrust claims brought under Section 1 of the Sherman Act and the CPA,

10   RCW 19.86.030 (Counts I & VI).

11       **4.     False Advertising or Other Deceptive Acts**

12       The Court previously dismissed Plaintiff's claims for false advertising or

13   deceptive acts brought under the Lanham Act and the CPA, RCW 19.86.020.  The Court

14   concluded that Plaintiff's initial complaint, docket no. 1, did not contain allegations

15   explaining what NAR did to design or encourage the labeling system on Zillow's

16   websites, let alone when, where, and how NAR did it.  These allegations remain absent

17   from Plaintiff's amended complaint.  To cure the identified deficiencies, Plaintiff now

18   embraces an agency theory, claiming that Zillow acted as NAR's agent when changing its

19   websites.  Am. Compl. at ¶¶ 156 & 184.

20       "In Washington, '[t]he two elements of an agency are mutual consent, and control

21   by the principal of the agent.'"  *Env't Transp. of Nev., LLC v. Mod. Mach. Co.*, No. C18-

22   5445, 2020 WL 1847747, at *4 (W.D. Wash. Apr. 13, 2020) (citing *Uni-Com Nw., Ltd. v.*

23

*Argus Publ'g Co.*, 47 Wn. App. 787, 796, 737 P.2d 304 (1987)).  "Washington will not impose liability for conduct that a defendant does not directly or actually control."  *Id.* (citing *McLean v. St. Regis Paper Co.,* 6 Wn. App. 727, 732, 496 P.2d 571 (1972)); *see also Bastida v. Nat'l Holdings Corp.*, C16-388, 2016 WL 4250135, at *2 (W.D. Wash. Aug. 4, 2016) (dismissing plaintiff's complaint because plaintiff failed to plead sufficient facts to establish that the defendant had an agency relationship with a subsidiary corporation).

### A.    Pleading Standard

Federal Rule of Civil Procedure 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Plaintiff asserts that Rule 9(b)'s heightened pleading standard does not apply to its allegations that Zillow acted as NAR's agent.  However, "[t]he fact that Plaintiff is proceeding under an agency theory does not absolve Plaintiff of Rule 9(b)'s requirement to explain [the defendant's] role in the false statements."  *RPost Holdings, Inc. v. Trustifi Corp.*, No. CV11-2118, 2011 WL 4802372, at *4 (C.D. Cal. Oct. 11, 2011); *see also Morici v. Hashfast Techs. LLC*, No. 14-cv-00087, 2015 WL 906005, at *4 (N.D. Cal. Feb. 27, 2015); *Jackson v. Fischer*, No. C11-2753, 2013 WL 6732872, at *17 (N.D. Cal. Dec. 20, 2013) ("[W]here a plaintiff alleges that a defendant is liable for fraud under an agency theory, Rule 9(b) requires that the existence of the agency relationship be pled with particularity.").

1

### B.    NAR's Allegations

2      Plaintiff has not pleaded an agency relationship with particularity under Rule 9(b).

3  Plaintiff alleges that, "Zillow acted as NAR's agent in moving REX listings to 'Other

4  Listings' to enforce NAR's rules, including its co-mingling and segregation rules" and

5  that, "Zillow acted as a NAR member and NAR agent to implement NAR's co-mingling

6  and segregation rules in changing the description of REX-listed homes."  Am. Compl. at

7  ¶¶ 156 & 184.  The amended complaint contains no factual allegations to support the

8  existence of an agency relationship between Zillow and NAR, and Plaintiff has not

9  pleaded the elements of agency.  Plaintiff fails to plead any facts alleging that NAR

10 exercised control over the design of Zillow's labeling system.  Plaintiff's allegation that

11 Zillow joined NAR and abided by NAR's rules is too conclusory to plausibly allege that

12 Zillow acted as NAR's agent when designing its website displays.

13     Even under Federal Rule of Civil Procedure 8(a)(2)'s less demanding pleading

14 standard, Plaintiff's allegations do not plausibly allege that Zillow acted as NAR's agent.

15 Plaintiff's allegations are nothing more than legal conclusions unsupported by any factual

16 assertions.  Although the Court recognizes that Plaintiff need not provide detailed factual

17 allegations under Rule 8(a)(2), it must offer "more than labels and conclusions."  *See*

18 *Twombly*, 550 U.S. at 555.  Plaintiff has failed to plead any facts alleging that NAR

19 manifested consent for Zillow to act on its behalf, and subject to its control, with respect

20 to the labeling system for Zillow's websites.

21     The Court therefore GRANTS NAR's motion to dismiss, docket no. 101, as to the

22 claims for false advertising or deceptive acts brought under the Lanham Act and the

23

ORDER - 7

1    CPA, RCW 19.86.020 (Counts III & V), and these claims are DISMISSED with

2    prejudice.[3]

3        **5.    Defamation**

4        In its amended complaint, Plaintiff brings a defamation claim against NAR and

5    Zillow.  Am. Compl. at ¶¶ 202–216.  To state a defamation claim in Washington, a

6    plaintiff must plead four elements:  (1) a false statement, (2) publication, (3) fault, and

7    (4) damages.  *Duc Tan v. Le*, 177 Wn.2d 649, 662, 300 P.3d 356 (2013) (citing *Herron v.*

8    *KING Broad. Co.*, 112 Wn.2d 762, 768, 776 P.2d 98 (1989)).  The Court applies the

9    pleading standards of Rule 8(a)(2) when evaluating Plaintiff's defamation claim.  *See*

10   *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861, 2011 WL 13100746, at *2

11   (W.D. Wash. May 19, 2011) (explaining that the tort claim of defamation is not subject to

12   the heightened pleading standards of Rule 9(b)).  The doctrine of vicarious liability can

13   apply to defamation claims.  Restatement (Second) of Agency § 254 (Am. L. Inst. 1958).

14       Plaintiff does not allege that NAR made any false statements.  Instead, Plaintiff

15   alleges that Zillow's statements are false.  *See* Am. Compl. at ¶¶ 203–04.  Like Plaintiff's

16   claims for false advertising or deceptive acts, Plaintiff alleges that, "Zillow acted as

17   NAR's agent when it stated that REX homes are not listed by an agent and that REX

18   homes are 'Other Listings.'"  *Id.* at ¶ 207.  As discussed above, Plaintiff has failed to

19

20   _____

21   [3] Leave to amend should be freely given, *see* Fed. R. Civ. P. 15(a)(2), and the Court previously provided
     Plaintiff leave to amend these claims.  Order (docket no. 98 at 25).  Like Plaintiff's initial complaint,

22   Plaintiff's amended complaint does not contain any allegations explaining what NAR did to design or
     encourage the labeling system on Zillow's websites.  Therefore, the Court concludes that granting leave
     to further amend these claims is futile.  *See Lopez*, 203 F.3d at 1130.

23

1    plead any factual allegations and relies on legal conclusions to support its claim that

2    Zillow acted as NAR's agent when making allegedly false statements on its websites.

3    Plaintiff's allegation is too conclusory to plausibly allege that NAR exercised control

4    over Zillow with respect to the statements on Zillow's websites.

5          Plaintiff also alleges that NAR, operating through its member MLSs, "directed and

6    approved" of Zillow's false statements.  Resp. (docket no. 102 at 17); *see* Am. Compl. at

7    ¶¶ 205–06.  These allegations are solely conclusions without any underlying facts to

8    support Plaintiff's assertions.  This type of pleading, without more, cannot support a

9    claim of defamation.  Plaintiff's response, docket no. 102, to NAR's motion to dismiss

10   devotes only one page in opposition to the motion as it relates to the defamation claim.

11   Any attempt to replead this defamation claim will be subject to close scrutiny by the

12   Court as to whether the amended complaint complies with the requirements of Federal

13   Rule of Civil Procedure 11(b).[4]

14         The Court GRANTS NAR's motion to dismiss, docket no. 101, the defamation

15   claim, and hereby DISMISSES, without prejudice, the defamation claim asserted against

16   NAR (Count VII).

17

18   _____

19   [4] Plaintiff's reliance on *In the Matter of National Housewares*, is misplaced.  *See In the Matter of Nat'l
     Housewares, Inc. v. Emdeko Int'l, Inc.*, 90 F.T.C. 512 (1977).  In that case, the Federal Trade

20   Commission was making specific "findings of fact" that respondent had engaged in misleading or
     deceptive acts.  *Id.* at *10.  Similarly, Plaintiff's reliance on *Facebook, Inc. v. Power Ventures, Inc.*, 844
     F.3d 1058, 1069 (9th Cir. 2016), does not provide support for Plaintiff's defamation claim.  Although a

21   corporate officer or director might be personally liable for torts which he or she authorizes or directs, *see
     id.*, Plaintiff has not plausibly alleged that NAR authorized or directed Zillow to make false statements on

22   its websites.

23

ORDER - 9

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     NAR's motion to dismiss, docket no. 101, is DENIED in part and GRANTED in part, as follows.  The motion is DENIED as to the antitrust claims brought under Section 1 of the Sherman Act and the CPA, RCW 19.86.030 (Counts I & VI).  The motion is GRANTED as to the claims for false advertising or deceptive acts brought under the Lanham Act and the CPA, RCW 19.86.020 (Counts III & V), and these claims are DISMISSED with prejudice.  The motion is GRANTED as to the defamation claim (Count VII), and this claim is DISMISSED without prejudice and with leave to amend;

(2)     Plaintiff may file any amended complaint relating solely to the dismissed defamation claim on or before January 13, 2022.  Any answer or response is due on or before January 27, 2021.  *See* Fed. R. Civ. P. 15(a)(3); and

(3)     The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 20th day of December, 2021.

Thomas S. Zilly
United States District Judge

ORDER - 10