The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REX – REAL ESTATE EXCHANGE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW, INC., a Washington corporation; ZILLOW GROUP, INC., a Washington corporation; ZILLOW HOMES, INC., a Delaware corporation; ZILLOW LISTING SERVICES, INC., a Washington corporation; TRULIA, LLC, a Delaware limited liability company; and THE NATIONAL ASSOCIATION OF REALTORS, an Illinois trade association,<br><br>Defendants. | CASE NO. 2:21-cv-00312<br><br>**JOINT MOTION FOR RELIEF FROM DEADLINES**<br><br>NOTE ON MOTION CALENDAR: March 14, 2022 |

Plaintiff REX - Real Estate Exchange, Inc. ("REX"), Defendants Zillow Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC (collectively, "Zillow"), and Defendant National Association of REALTORS® ("NAR"), by and through their attorneys, respectfully ask this Court to extend the remaining deadlines in this case.

JOINT MOTION FOR RELIEF FROM DEADLINES PAGE - 1
(Case No. 2:21-CV-00312)

1   The Parties originally submitted a discovery plan and proposed schedule June 1, 2021.

2   Dkt. # 79. The Court issued the current schedule on June 9, 2021. Dkt. # 81. Defendants each also

3   filed motions to dismiss. Dkt. ## 83, 84, 90, 92, 93. After the Court's September 2, 2021 Order

4   on the motions (Dkt. # 98), REX filed an Amended Complaint on September 30, 2021 that

5   included new causes of action against each Defendant. Dkt. # 99. Zillow answered that Complaint

6   on October 14, 2021. Dkt. # 100. NAR filed an additional motion to dismiss, which, after briefing,

7   was granted in part and denied in part on December 20, 2021. *See* Dkt. ## 101, 102, 103, and 108.

8   During and after the pendency of the motions to dismiss, the Parties issued discovery

9   requests and each Party subsequently answered them. The Parties also worked cooperatively to

10  resolve issues regarding an ESI Order and submitted that to this Court in January 2022.

11  Dkt. # 112. In December 2021, REX also issued subpoenas to about 50 third parties, most of

12  which are Multiple Listing Services. The Parties are awaiting production from those third parties.

13  Additionally, on January 27, 2022, NAR filed an Answer to REX's Amended Complaint

14  that for the first time asserted a Lanham Act claim against REX. Dkt. # 114. REX filed a motion

15  to dismiss that counterclaim on February 17, 2022. Dkt. # 115. NAR filed an opposition to REX's

16  motion to dismiss on March 7, 2022. Dkt. # 117.  REX filed its reply on March 11, 2022. Dkt.

17  # 119.

18  Under the current schedule, opening expert reports are due on March 28, 2022. *See*

19  Dkt. # 81. Though the parties are attempting in good faith to meet the deadlines, due to the

20  complexities and changing claims in the case the parties have not completed sufficient fact

21  discovery to allow for expert reports to be timely exchanged on March 28.

22   The Parties met and conferred on extending the schedule and agreed that the current

23  deadlines should be extended. However, the Parties did not reach agreement on the exact dates

24

25  JOINT MOTION FOR RELIEF FROM DEADLINES PAGE - 2
    (Case No. 2:21-CV-00312)

26

for a revised schedule. Therefore, the Parties jointly submit their respective proposals to this Court:

| | Existing Schedule | REX Proposed schedule | Defendants' Proposed Schedule |
|---|---|---|---|
| Discovery motions filed | 5-19-2022 | 8-29-2022 | 7-29-2022 |
| Initial Expert Disclosures | 3-28-2022 | 9-26-2022 | 9-30-2022 |
| Fact discovery cutoff | 5-31-2022 | 9-16-2022 | 8-19-2022 |
| Rebuttal expert reports | | 11-14-2022 | 11-30-2022 |
| Expert discovery cutoff | | 12-09-2022 | 1-13-2023 |
| Dispositive motions filed | 7-28-2022 | 12-15-2022 | 2-10-2023 |
| Expert witness motions | 8-4-2022 | 12-15-2022 | 2-10-2023 |
| Oppositions to dispositive motions/expert motions | | 1-16-2023 | 3-17-2023 |
| Replies re dispositive/expert motions | | 1-30-2023 | 4-14-2023 |
| Motions in limine | 9-15-2-22 | 1-19-2023 | 6-2-2023 |
| Pre-trial order | 9-30-2022 | 2-3-2023 | 6-16-2023 |
| Trial brief/jury instructions | 9-30-2022 | 2-3-2023 | 6-16-2023 |
| Deadline to amend pleadings | 9-30-2022 | 2-3-2023 | 6-16-2023 |
| Pretrial conference | 10-7-2022 | 2-10-2023 | 6-23-2023 |

**In support of its proposal REX states:**

REX notes that the Parties agree within a few days on the amount of additional time needed for Initial Expert Disclosures, which under the current schedule are due March 28, 2022. The parties also agree that Initial Expert Disclosures should come after the close of Fact Discovery, which is also a change from the current schedule.[1]

---

[1] While the original schedule did not contain an explicit deadline for responsive expert reports, the Federal Rules of Civil procedure provide for a 30-day deadline when the schedule does not otherwise specify. *See* Fed. R. Civ. P. 26(a)(2)(D).

Defendants propose to move the close of Fact Discovery back by two and a half months, but to move the pre-trial conference back by eight and a half months.  REX seeks a more even distribution of the extension, moving fact discovery back by three and a half months from the current schedule, dispositive motions by four and a half months, and the pre-trial conference by four months.

REX proposes that the spacing of the pre-trial sequence beginning with filing of motions in limine be about the same as the current schedule. Dkt. # 81. REX does not believe anything has happened in this case since the initial schedule to require the additional time proposed by Defendants for the pre-trial sequence. Defendants' proposal will unnecessarily draw out the later stages of this case causing undue delay and additional burden on REX.

**In support of their proposal Defendants state:**

Defendants do not disagree with Plaintiff regarding the need for some extension of the fact discovery period in order to ensure sufficient time for the parties to exchange and review relevant documents and depose necessary individuals.  Moreover, given the complexity of the antitrust and other issues in the case, the parties are generally in agreement that expert discovery should be bifurcated from fact discovery with additional time following the close of fact discovery for the experts to complete their initial and rebuttal analyses.  Defendants note that the original schedule set by the Court did not set a date for the exchange of rebuttal reports, but in light of the expert issues in the case the parties agree that such exchange will be necessary.

The parties' proposals diverge with respect to the close of expert discovery, the filing of dispositive and *Daubert* motions, and the filing of other pre-trial submissions.

In light of the parties' general agreement that fact and expert discovery should be extended by approximately seven months, Defendants' position is that the remaining deadlines should also be extended accordingly. Plaintiff, on the other hand, seeks to unreasonably and impractically compress the back end of the schedule. While Plaintiff attempts to portray its proposed schedule above as an equal extension of all deadlines, that ignores that the prior schedule set by the Court contemplated that all discovery—both fact and expert—would be concluded by May 31, 2022. By bifurcating discovery into fact and expert, both Plaintiff and Defendants' schedules contemplate an extension of the total discovery period by approximately seven months. For that reason, Defendants submit the remainder of the deadlines must be extended accordingly.

First, with respect to the close of expert discovery, given the parties' proposals, the expert depositions are likely to occur in November and December 2022, which will be complicated by the intervening holidays, thus Defendants believe that it would be beneficial to build in a minimal amount of extra time in order to ensure that the depositions can be completed in a reasonable manner.

Second, with respect to dispositive and *Daubert* motions, the Court's original schedule contemplated two full months between the close of discovery and the filing of dispositive and *Daubert* motions. *See* Dkt. # 81. Plaintiff's proposal would allow for only four business days after the completion of all expert depositions to prepare such motions, which is unreasonable and impractical. Instead, Defendants have proposed setting the deadline just over one month after the close of expert discovery in order to allow sufficient time for the parties to evaluate the testimony of the experts and prepare *Daubert* and dispositive motions accordingly. Additionally, given the complexities of this case and the likelihood of multiple *Daubert*

1    motions, Defendants believe that a slightly longer briefing schedule than the normal local

2    practice is necessary here.

3            Finally, Defendants propose setting the deadlines for pre-trial submissions at least two

4    months after the completion of the dispositive and *Daubert* motion briefing.  This will allow

5    sufficient time for the Court to resolve such motions, including by potentially dismissing or

6    narrowing the claims at issue through summary judgment, before the parties expend

7    significant resources preparing for trial on complex antitrust and other issues.

8

9

10

11

12

13

14

15    DATED: March 14, 2022.

16    By:    *s/ Mike Vaska*                          By:  ** *s/ Aravind Swaminathan*

17    FOSTER GARVEY PC                        ORRICK, HERRINGTON & SUTCLIFFE
      Michael Vaska (WSBA No. 15438)           LLP
18    michael.vaska@foster.com                 Aravind Swaminathan (WSBA No. 33883)
      Ben Hodges (WSBA No. 49301)              aswaminathan@orrick.com
19    ben.hodges@foster.com                    Nicole Tadano (WSBA No. 40531)
      Bianca Chamusco (WSBA No. 54103)         ntadano@orrick.com
20    bianca.chamusco@foster.com               701 Fifth Avenue, Suite 5600
      1111 Third Avenue, Suite 3000            Seattle, WA  98104
21    Seattle, WA  98101                       Telephone:  206-839-4300
      Telephone:  206-447-4400                 Facsimile:  206-839-4301
22    Facsimile:  206-447-9700

23    McCARTY LAW PLLC                         John "Jay" Jurata, Jr. (Admitted *Pro Hac*
      Darren L. McCarty (Admitted *Pro Hac Vice*)   *Vice*)
24    darren@mccartylawpllc.com                jjurata@orrick.com
                                               1152 15th Street, N.W.

25    JOINT MOTION FOR RELIEF FROM DEADLINES PAGE - 6
      (Case No. 2:21-CV-00312)

26

Cristina M. Moreno (Admitted *Pro Hac Vice*)
1410B West 51st Street
Austin, TX 78756
Telephone: 512-827-2902

**Attorneys for Plaintiff REX-Real Estate Exchange, Inc.**

Washington, DC 20005
Telephone: 202-339-8400

Russell P. Cohen (Admitted *Pro Hac Vice*)
rcohen@orrick.com
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700

Naomi J. Scotten (Admitted *Pro Hac Vice*)
nscotten@orrick.com
51 West 52nd Street
New York, NY 20005
Telephone: 212-506-5000

Laura B. Najemy (Admitted *Pro Hac Vice*)
lnajemy@orrick.com
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: 617-880-1800

**Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC**

**Pursuant to this Court's Electronic Filing Procedure III L, the electronic signatory has obtained approval from all other signatories.

1                                By:     ***s/ Tom Rubin*

2

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

3    Thomas C. Rubin (WSBA Bar No. 33829)
tomrubin@quinnemanuel.com

4    1109 First Avenue, Suite 210
Seattle, WA 98101

5    Telephone:  206-905-7000
Facsimile:  206-905-7100

6

Ethan Glass (Admitted *Pro Hac Vice*)

7    ethanglass@quinnemanuel.com
Michael D. Bonanno (Admitted *Pro Hac*

8    *Vice*)
mikebonanno@quinnemanuel.com

9    Kathleen Lanigan (Admitted *Pro Hac Vice*)
katlanigan@quinnemanuel.com

10    Peter Benson (Admitted *Pro Hac Vice*)
peterbenson@quinnemanuel.com

11    1300 I Street, Suite 900
Washington, D.C. 20005

12    Telephone:  202-538-8000
Facsimile:  202-538-8100

13

14

***Attorneys for The National Association of
Realtors®***

15

16

17

18

19

20

21

22

23

24

25    JOINT MOTION FOR RELIEF FROM DEADLINES PAGE - 8
(Case No. 2:21-CV-00312)

26