UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REX - REAL ESTATE EXCHANGE, INC.,

                Plaintiff,

  v.

ZILLOW, INC., et al.,

                Defendants.

C21-312 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Pursuant to Local Civil Rule 37, plaintiff REX – Real Estate Exchange, Inc. ("REX") and defendant the National Association of REALTORS® ("NAR") have filed a joint submission, docket no. 138, concerning REX's disclosure of custodians in accordance with this Court's Order Regarding Discovery of Electronically Stored Information (the "ESI Order"), docket no. 113. The ESI Order provides that the parties "shall identify up to 5 custodians most likely to have discoverable ESI in their possession, custody, or control" and will "meet and confer regarding requests for additional custodians." ESI Order at B.1. (docket no. 113). Although REX initially identified five document custodians pursuant to the ESI Order, it has agreed to search the records of six individuals: (i) Jack Ryan, Chief Executive Officer and REX co-founder; (ii) Lynley Sides, President, Chief Operating Officer, and REX co-founder; (iii) Craig Barrett, former Vice President of Marketing; (iv) Steve Dawson, Chief Compliance Officer; (v) Panee Segal, Senior Vice President of Sales and Business Operations; and (vi) Phil Felice, Senior Vice President of Sales. *See* Pl.'s ESI Disclosures, Ex. 2 to Bonanno Decl. (docket no. 138-3); *see also* Joint Submission (docket no. 138 at 5 n.1). NAR seeks an order requiring REX to add four more individuals to its list of document custodians: (i) Shawn Tyler, Vice President of Marketing; (ii) Raphael "Rio" Reina, an Account Manager in the Tampa Bay area; (iii) Angela Cook, a Regional Sales Manager; and (iv) Andrew Nicks, another Regional Sales Manager. REX listed these current or former employees in its initial disclosures and/or amended initial disclosures as *potential*

MINUTE ORDER - 1

*trial witnesses* and individuals who are likely to have discoverable information.[1]  *See* Pl.'s Initial Disclosures, Ex. 1 to Bonanno Decl. (docket no. 138-2); Pl.'s Am. Initial Disclosures, Ex. 4 to Bonanno Decl. (docket no. 138-5).  In fact, REX has already submitted a substantive declaration from Raphael "Rio" Reina, docket no. 12, in support of its motion for a preliminary injunction, docket no. 5, declaring that website traffic for REX's "properties had noticeably declined since Zillow's change to its display."  Reina Decl. at ¶ 9 (docket no. 12).  The declaration also attached three exhibits in support of the motion.  *See* Exs. A–C to Reina Decl.  REX does not dispute NAR's assertion that these documents were not sent or received by any other REX custodian.  NAR contends that the ESI at issue is relevant and that its request for an order compelling REX to search the ESI of four additional custodians is proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  REX does not dispute that the records of these individuals might contain relevant information, rather, REX argues that it is not required to designate all employees identified in its initial disclosures as ESI document custodians.[2]  *See*, *e.g.*, *TC Tech. LLC v. Sprint Corp.*, No. 16-153, 2021 WL 1615418, at *3 (D. Del. Apr. 26, 2021) ("TC Tech ignores the difference between disclosures under Rule 26(a)(1) and disclosures under the court's ESI order."); *but see Alta Devices, Inc. v. LG Elecs., Inc.*, No. 18-cv-00404, 2019 WL 8757255, at *1 (N.D. Cal. Feb. 20, 2019) ("Alta Devices may elect to obtain ESI from any custodian identified in LGE's initial disclosures.").  The Court agrees that individuals listed in a party's initial disclosures are not necessarily appropriate custodians under an ESI Order.[3]  The Court, however, disagrees with REX's argument concerning the four prospective custodians at issue in this case.  They have been identified as potential trial witnesses.  *See* Pl.'s Initial Disclosures, Ex. 1 to Bonanno Decl.; Pl.'s Am. Initial Disclosures, Ex. 4 to Bonanno Decl.  NAR has demonstrated that Tyler, Reina, Cook, and Nicks are likely to have relevant ESI in their possession, custody, or control.  Requiring REX to search the records of these additional custodians is proportional to the needs of this case.

---

[1] According to REX's amended initial disclosures, Tyler "has knowledge of REX's marketing practices and strategies and how those strategies have changed over time," Reina "may be called to testify regarding his experience as a licensed real estate agent, his employment with REX, and the impact of the changes to Zillow's display on his work at REX," and Cook and Nicks "are knowledgeable about REX's business operations for their assigned region[s]" and might testify about "REX's business operations in a given region, their role as a manager for that region, and the impact of the change in Zillow's website on the business for that region."  *See* Pl.'s Am. Initial Disclosures, Ex. 4 to Bonanno Decl. (docket no. 138-5 at 4–5).

[2] REX also asserts that requiring it to search the records of four additional custodians would impose a disproportionate burden on the company.

[3] Indeed, disclosures under Rule 26(a) and the Court's ESI Order serve different purposes.  An individual "likely to have discoverable information" regarding a party's claim or defense, *see* Fed. R. Civ. P. 26(a)(1)(A)(i), might not have discoverable ESI in their possession, custody, or control in all cases.

MINUTE ORDER - 2

(2)   NAR's motion, docket no. 138, is GRANTED.  REX shall include Shawn Tyler, Raphael "Rio" Reina, Angela Cook, and Andrew Nicks as custodians pursuant to the Court's ESI Order, docket no. 113.

(3)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 27th day of June, 2022.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 3