THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REX – REAL ESTATE EXCHANGE, INC.,

Plaintiff,

v.

ZILLOW, INC., et al.

Defendants.

Case No. 2:21-cv-00312-TSZ

**REX'S MOTION TO COMPEL COMPLIANCE WITH THE COURT'S ESI ORDER**

**NOTE ON MOTION CALENDAR: September 16, 2022**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.      INTRODUCTORY STATEMENT ...................................................................................1

II.     BACKGROUND ..............................................................................................................2

III.    ARGUMENT ....................................................................................................................4

        A.      NAR's Current Custodian List is Inadequate.......................................................4

        B.      The Requested Individuals Have Relevant ESI. ..................................................6

        C.      NAR Concedes That The Seven Proposed Custodians Have Relevant ESI
                Central To Issues Implicated In This Case...........................................................9

        D.      REX's Request Poses No Burden and is Proportional to the Needs of the
                Case.....................................................................................................................11

IV.     CONCLUSION ...............................................................................................................12

CERTIFICATE OF GOOD FAITH .............................................................................................13

CERTIFICATE OF SERVICE ......................................................................................................14

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                    i

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Breuder v. Bd. of Trustees of Community College Dist. No. 502, DuPage County, Illinois*,
2019 WL 3386966 (N.D. Ill. July 26, 2019) ................................................................. 5

*Connecticut Gen. Life Ins. Co. v. Adv. Surgery Ctr. of Bethesda*, LLC,
CV DKC 14-2376, 2016 WL 7115952 (D. Md. Dec. 7, 2016)................................... 10

*County of Cook v. Bank of Am. Corp.*,
14 C 2280, 2019 WL 5393997 (N.D. Ill. Oct. 22, 2019) .......................................... 11

*Costa v. Wright Med. Tech., Inc.*,
17-CV-12524-ADB, 2019 WL 108884 (D. Mass. Jan. 4, 2019) ............................... 10

*Enslin v. Coca-Cola Co.*,
2:14-CV-06476, 2016 WL 7013508 (E.D. Pa. May 13, 2016) ................................. 12

*Ft. Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*,
297 F.R.D. 99 (S.D.N.Y. 2013) ................................................................................... 6

*Garcia Ramirez v. U.S. Immig. and Cust. Enf't*,
331 F.R.D. 194 (D.D.C. 2019) .............................................................................. 11, 12

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices and Antitrust Litig.*,
17-MD-2785-DDC-TJJ, 2018 WL 1440923 (D. Kan. Mar. 15, 2018) ................... 8, 12

*In re Morgan Stanley Mortgate Pass-Through Certificates Litig.*,
2013 WL 4838796 (S.D.N.Y. Sept. 11, 2013) ............................................................ 6

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
2009 WL 3443563 (D.D.C. Oct. 23, 2009) .............................................................. 11

*Kleen Products LLC v. Packaging Corp. of Am.*,
2012 WL 4498465 (N.D. Ill. Sept. 28, 2012)..................................................... 4, 6, 12

*Moehrl v. The National Association of Realtors*,
1:19-cv-01610, (Jun. 14 2019) ............................................................................. 9, 10

*Rosales v. FitFlop USA, LLC*,
2012 WL 13176110 (S.D. Cal. Dec. 10, 2012) .......................................................... 7

*Sitzer v. National Association of Realtors*,
4:19-cv-00332-SRB (Apr. 6, 2020)..................................................................... 5, 9, 10

*Thomas v. City of New York*,
336 F.R.D. 1 (E.D.N.Y. 2020) ................................................................................... 12

*U.S. v. AT & T Inc.*,
No. 11–1560, 2011 WL 5347178 (D.D.C. Nov. 6, 2011)......................................... 11

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                    ii

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

*U.S. v. Int'l Bus. Machs. Corp.*,
   66 F.R.D. 186 (S.D.N.Y.1974)..................................................................................... 11

*Voter v. Avera Brookings Med. Clinic*,
   2008 WL 4372707 (D.S.D. Sept. 22, 2008)............................................................... 12

*Waters v. Earthlink, Inc.*,
   CIV.A. 01-11887-REK, 2004 WL 6000237 (D. Mass. Dec. 1, 2004)....................... 10

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                    iii

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

## I.    <u>INTRODUCTORY STATEMENT</u>

Defendant National Association of Realtors ("NAR") is the largest trade association in the United States with nearly 1.6 million members. It employs over 300 individuals, including dozens of senior executives. These executives engage in policy- and rule-making, sit on important committees and working groups, and make public statements on NAR's behalf. Relevant to this case, many of these high-level employees are responsible for NAR's efforts to exclude low-cost tech-based competitors from the residential real estate brokerage market.

In this case, REX, an internet-based low commission residential real estate broker, claims that NAR in combination with Zillow excluded REX from competing in the real estate brokerage market by relegating REX's listings on Zillow to an obscure tab. Zillow segregated REX's listings in order to comply with NAR's "Segregation Rule." The Segregation Rule provides that listings obtained from non-NAR affiliated sources must be displayed separately from NAR affiliated listings. It functions to protect the centerpiece of NAR's advocacy and effectiveness on behalf of its members: the Buyer-Broker Commission Rule. Under this Rule, listing brokers are obligated to pay buyer agents a non-negotiable portion of the seller commission they receive. The Buyer-Broker Commission Rule, in tandem with the Segregation Rule, maintains supra competitive commissions in the United States.

In the words of this Court, REX "challenges not only the Segregation Rule but also the Buyer Agent Commission Rule, both of which were 'written by NAR… and enforced by its member MLSs…" September 2, 2021 Order on Mot. to Dismiss at 8 (Dkt. No. 98). NAR, however, takes the narrow position that this case is solely about the Segregation Rule and Zillow's decision to adopt it. Relying on this rationale, NAR identified only two ESI custodians, Rodney Gansho and Rene Galicia, two low-level executives who appear from NAR's descriptions to have had no involvement in high-level policy decision-making and whose job responsibilities place them only on the periphery of the challenged anticompetitive conduct. REX now moves the Court to compel NAR to add seven custodians: Bob Goldberg (NAR's CEO), Katherine "Katie" Johnson (NAR's General Counsel and Chief Member Experience Officer), Kate Lawton (NAR's Vice President of Membership Experience), Kevin Milligan (NAR's former Vice President of Board Policy and

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                    1

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

Programs), Diane Mosley (NAR's Director of Training and Policy Resources), Clifford Niersbach (NAR's former Associate General Counsel and Vice President of Board Policy and Programs), and Lawrence Yun (NAR's Chief Economist). Each of these individuals has had significant responsibility for NAR's response to competition from internet-based providers and the development and enforcement of NAR's rules and policies limiting both how homes are listed online and the negotiation of commissions. *See* Ex. A. REX also requests that the Court order NAR to begin producing documents in the possession custody or control of the existing custodians, Gansho and Galicia, using agreed upon search terms without waiting for this Court to rule on this motion to add custodians.

## II.   <u>BACKGROUND</u>

On January 19, 2022, this Court entered its Order Regarding Discovery of Electronically Stored Information (the "ESI Order"). The ESI Order required all parties to "identify up to 5 custodians most likely to have discoverable ESI in their possession, custody, or control." January 20, 2022 ESI Order at 2 (Dkt. No. 113). The ESI Order also expressly contemplated the addition of custodians beyond the presumptive five. *Id.*

On February 18, 2022 NAR identified the two ESI custodians. Rodney Gansho, Director of Engagement, and Rene Galicia, former Director of Multiple Listing Services Engagement. *See* Ex. B. Zillow and REX each identified five. REX listed its Chief Executive Officer, Chief Operating Officer, Chief Compliance Officer, Vice President of Marketing, and Vice President of Sales and Business Operations. *See* Ex. C.

On May 12, 2022 counsel for REX and NAR held a meet and confer to discuss pending discovery issues, including ESI custodian designations. During that meeting, REX agreed to add an additional custodian, Phil Felice, Senior Vice President of Sales. REX called for NAR to add more custodians but NAR took the position that notwithstanding the presumptive limit of five custodians, their "thorough investigation of client documents" lead them to believe that Mr. Galicia and Mr. Gansho were the only individuals at NAR likely to have discoverable ESI in their possession, custody, or control.

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                    2

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

On June 10, 2022, NAR moved to compel REX to add four more ESI custodians, based solely on the fact that the individuals were listed on REX's Rule 26 disclosures. *See* NAR's June 10, 2022 Mot. to Compel (Dkt. No. 138).

On June 27, 2022, NAR's Motion to Compel additional custodians was granted, bringing REX's ESI Custodian list to ten. The Court rejected NAR's argument conflating ESI custodians with likely trial witnesses, but nonetheless found that the four individuals disclosed by REX were "likely to have relevant ESI in their possession, custody, or control." June 27, 2022 Order on NAR's Mot. to Compel (Dkt. No. 139).

On August 8, 2022, REX again wrote to NAR requesting it comply with the Court's ESI Order and designate additional custodians. *See* Ex. A. In its letter, REX first contested NAR's current designations as inadequate and duplicative and second it requested that NAR add as custodians ten current and former high-ranking employees. *See id.* Seven of these individuals were already designated ESI custodians in related antitrust cases.

On August 19, 2022, NAR responded by rejecting REX's request and stating that "NAR's proposed custodians are more than sufficient." *See* Ex. D. In support, NAR took the position that the only relevant issues in this case are the "segregation rule and/or comingling rule" and "NAR's relationship with Zillow."[1] *Id.* Despite having already designated members of its legal department as custodians in other cases (Ms. Johnson and Mr. Niersbach), NAR also added that "under no circumstance will NAR agree to add any lawyer from NAR's legal department (including Katie Johnson, Lesley Muchow, and Cliff Niersbach)." *Id.* NAR claimed it was willing to "compromise" by adding Bob Goldberg, NAR's CEO, but only if REX allowed NAR to expand its search terms.

That same day, counsel for NAR and REX met and conferred to discuss NAR's custodian designation and search terms. REX rejected NAR's "compromise" and requested that NAR consent to an expedited motion to add custodians, just as REX had previously agreed for NAR's motion.

On August 23, 2022, NAR's counsel declined to agree to the expedited procedure "because REX ha[d] not told NAR which custodians listed in its August 8 letter it plan[ned] to include in its

---

[1] NAR has consistently taken this position throughout all discovery requests made by REX. This issue this will be the subject of a separate motion.

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                  3

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

motion to compel." REX's counsel responded later that evening that the parties were at an impasse because NAR had "made it clear that [it] did not agree to any of the proposed additional custodians other than Bob Goldberg." Nonetheless, later that same day REX proposed to reduce the number of requested custodians from ten to six.

On August 24, 2022, NAR responded and stated that, other than its conditional offer of Bob Goldberg, it "d[id] not agree to add any of the other individuals identified in [REX's] August 23 letter as custodians." NAR also stated that it "d[id] not agree to use the LCR 37 expedited motion procedure for REX's anticipated motion." *See* Ex. E.

### III.   <u>ARGUMENT</u>

#### A.   NAR's Current Custodian List is Inadequate.

This Court's ESI Order required each party to "identify up to 5 custodians most likely to have discoverable ESI in their possession, custody, or control." *See* Dkt. No. 113. Despite having over 300 employees and dozens of senior executives deeply involved in the development and enforcement of the rules at issue in this case, NAR designated only two custodians. NAR's position flouts the express terms of the ESI Order to the extent it asserts that only two employees in the entire association are likely to have discoverable ESI. NAR's position is all the more remarkable given that in other cases alleging related anticompetitive misconduct NAR designated almost twenty custodians. *See* Ex. F.

To be more precise, NAR's designation is inadequate for at least three reasons. First, NAR has failed to designate a single high-level employee. Not a single member of NAR's C-suite or any of the dozens of executives included in its publicly available organizational chart was designated.[2] *See* Ex. G. In antitrust cases like this, where plaintiffs allege that defendants have formed an anticompetitive conspiracy, plaintiffs "are at least entitled to sample" employees from different sectors to confirm their relevancy. *Kleen Products LLC v. Packaging Corp. of Am.*, 2012 WL

---

[2] Even though Goldberg is quoted repeatedly in the operative complaint, Dkt. No. 99 at ¶¶ 23, 109, it was only after Zillow's admission that NAR's CEO was directly involved with Zillow's decision to join NAR that NAR's counsel became willing to "compromise" and designate its CEO as a custodian. Even then, the compromise was dependent on REX having to produce even more documents.

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                4

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

4498465, at *13 (N.D. Ill. Sept. 28, 2012) ("Thus, in an antitrust case such as this, Plaintiffs are at least entitled to a sample of lower-level and plant-level employees to determine if they possess significant and nonduplicative information.").

Second, NAR has conceded that Mr. Gansho and Mr. Galicia are not in possession, custody, or control documents that date from the inception of the rules that are relevant in this case. The Buyer-Broker Commission Rule was adopted by NAR in 1996. NAR's IDX policy began incorporating language relating to the "segregation" and "commingling" of listing data as early as 2001. In their May 5, 2022 letter to REX, NAR's counsel stated that "to date, [they] ha[d] not identified any NAR custodians with files that still exist from that time period when Section 18.2.10 and Section 18.3.11 of NAR's Handbook on Multiple Listing Policy were adopted."[3] *See* Ex. H. This is not surprising given that Mr. Galicia, was only employed at NAR for three years (from 2018 to 2021) and Gansho, although employed at NAR from 1991, has only been Director of Engagement since late 2018.

Third, Mr. Gansho and Mr. Galicia duplicate each other. "The selection of custodians [for ESI discovery] must be designed to respond fully to document requests and to produce responsive, nonduplicative documents during the relevant time period." *Breuder v. Bd. of Trustees of Community College Dist. No. 502, DuPage County, Illinois*, 2019 WL 3386966, at *6 (N.D. Ill. July 26, 2019). By NAR's own description, these two custodians had similar roles and both worked in the same "group" at the same time.[4] Given their limited and overlapping roles and responsibilities, Mr. Gansho and Mr. Galicia are not appropriate as NAR's sole custodians in this case.

---

[3] In another antitrust cases challenging the same or similar NAR rules, NAR was ordered to "produce any documents relating to rule adoption and any modifications to the [broker] rule dating back to 1996." *Sitzer v. National Association of Realtors*, 4:19-cv-00332-SRB (Apr. 6, 2020) (Dkt. No. 235)

[4] Both Galicia and Gansho worked in NAR's "Engagement" "group." Galicia's job description notes that he reports to "NAR's Vice President, Engagement." *See* https://tarta.ai/j/kJVlh3wBPV406l6Xxgre-director-mls-engagement- job-in-washington-fox8-jobs-in-washington-washington-dc-at-national-association-of-realtors. Both were NAR "staff executives" at the same relevant meetings. *See* https://www.nar.realtor/sites/default/files/documents/3-15-2020-MLS-TEIAB-Agenda.pdf.

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                    5

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

## B.   The Requested Individuals Have Relevant ESI.

"In antitrust cases, courts generally take an expansive view of relevance and permit broad discovery." *Kleen Products LLC*, 2012 WL 4498465, at *13. This is because "direct evidence of an anticompetitive conspiracy is often difficult to obtain, and the existence of a conspiracy frequently can be established only through circumstantial evidence." *Id.* Federal courts, when determining whether to add custodians consider whether the requested ESI "is reasonably calculated to lead to relevant evidence that might not be captured if they were excluded." *Ft. Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 106 (S.D.N.Y. 2013).

In its August 8, 2022 letter, REX explained the factual bases for its conclusion that each of the seven individuals it seeks to add is likely to have discoverable ESI. *See* Exhibit A. These facts are more than sufficient to require these additional custodians for the following reasons:

First, all of the proposed custodians are affiliated with highly relevant committees and work-groups at NAR. That, in and of itself, is sufficient to warrant their addition. *See Ft. Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 106 (S.D.N.Y. 2013) ("The presence of these proposed custodians on the working group lists is sufficient to establish that their inclusion in ESI searches is reasonably calculated to lead to relevant evidence."); *see also In re Morgan Stanley Mortgate Pass-Through Certificates Litig.*, 2013 WL 4838796, at *2 (S.D.N.Y. Sept. 11, 2013) ("inclusion on the working group lists suggests [that a proposed custodian] does [have relevant information]"). For example, Mr. Niersbach was the NAR executive assigned to the Multiple Listing Issues and Policies Committee, the committee responsible for developing NAR's IDX rules and policies, including the Segregation Rule. "Mr. Niersbach's responsibilities include oversight for the Board Policy and Program Staff, and is the staff liaison to the . . . the Interpretation and Procedure subcommittee and the MLS issues and policies committee."[5] Mr. Goldberg helped found NAR's Strategic Business Innovation and Technology ("SBIT") group which was tasked with "identify[ing] and evaluat[ing] emerging technologies and their potential impact on real estate" as

---

[5] Complaint Counsel's Amend. Proposed Findings of Fact, Conclusions of Law, and Order, *In the Matter of Realcomp II LTD,* FTC (Dkt. No. 9320) (available at https://www.ftc.gov/sites/default/files/documents/cases/2007/08/070806ccpropamndfofconclu.pdf ).

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                     6

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

well as "work[ing] on strategic projects involving NAR's investment companies and large technology players." Ms. Lawton, Ms. Mosley, and Mr. Milligan have represented NAR at relevant MLS Technology and Emerging Issues Advisory Board meetings where they, along with NAR leadership, contemplated recommendations to NAR's Board of Directors on "policy issues" and "proposals" relating to changes to NAR's MLS Policy Statement, IDX policy and display, ibuying, Redfin, MLS data, and artificial intelligence.[6]

Second, the proposed custodians' "respective job responsibilities at [NAR]" relating to NAR's rulemaking, policy enforcement, and tech-based competition provide a separate sufficient basis to find that they "must be included in the list of ESI custodians." *Rosales v. FitFlop USA, LLC*, 2012 WL 13176110, at *7 (S.D. Cal. Dec. 10, 2012). For example, Ms. Lawton "[i]dentified key emerging issues in real estate in order to propose policy or education-based solutions" as well as "[p]rovide[d] direction and procedural guidance on NAR policies related to . . . Multiple Listing Services, and Membership Policy." Mr. Milligan has been "actively involved" with ensuring compliance with NAR's MLS standards. This included presentations covering topics such as "Amendments to NAR's IDX Policy and IDX Rules allowing MLS Participants (and where permitted locally, MLS Subscribers) to comingle IDX data feeds from REALTOR® Association MLSs where the MLS Participants and MLS Subscribers hold participatory rights."[7] Ms. Mosley "is [] responsible for updating all . . . multiple listing policy manuals and materials on an annual basis to reflect current National policies and procedures." Mr. Yun "oversees the Research group" at NAR and "supervises and is responsible for a wide range of research activity for the association including NAR's Existing Home Sales statistics, Affordability Index, and Home Buyers and Sellers Profile Report." Additionally, per NAR's "Policy Violation Resolution Procedure" Ms. Lawton, Ms. Johnson, and Mr. Goldberg review all complaints regarding violations of any NAR-mandated policy and "must exercise reasonable efforts to cause [] association[s] to stop or correct the[ir]

---

[6] *See* https://www.nar.realtor/sites/default/files/documents/MLS-TEIAB-Minutes-2017.pdf; https://www.nar.realtor/sites/default/files/documents/08-2018-MLS-TEIAB-Minutes.pdf.

[7] *See* https://www.nar.realtor/sites/default/files/documents/Legal-Seminar-Notebook-2017-11-02.pdf.

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                7

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

1  violation[s]."[8] Their review thus includes violations of NAR's IDX Policy, Buyer-Broker
2  Commission Rule, and Bylaws.[9]

3      Third, several of the proposed custodians made public statements on behalf of NAR
4  addressing the competitiveness of NAR's commission structure and internet-based competition
5  from innovators like REX. Public statements can serve to establish that a proposed custodian has
6  relevant information. *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices and*
7  *Antitrust Litig*., 2018 WL 1440923, at *3 (D. Kan. Mar. 15, 2018) (granting addition of custodian
8  based in part on "public statements" made in news articles). For example, Ms. Johnson has made
9  multiple public statements and submitted formal comments to the FTC as a representative of NAR
10  on the anticompetitive and anti-consumer effect of Zillow's market power as an aggregator and the
11  increasing reliance by the industry on its products. Mr. Goldberg has made statements strongly
12  emphasizing NAR's efforts to maintain its technological competitive advantage in the real estate
13  industry, especially in response to the emergence and increasing popularity of technology companies
14  like Zillow. Mr. Yun presented at the "Federal Trade Commission & Department of Justice Public
15  Workshop: Competition Policy and the Real Estate Industry," the presentation covered "discount
16  brokerage[s]" and "traditional brokerage[s]" in regard to a "perfectly competitive industry."[10] Mr.
17  Niersbach has been deposed by the FTC in relation to its investigation into an MLS's
18  anticompetitive listing policies and IDX Rules.[11] Mr. Niersbach's testimony on behalf of NAR
19  included the mandatory nature of NAR's IDX policy, the reason for its initial adoption and
20

21  ─────────────────

22  [8]  *See*  https://www.nar.realtor/about-nar/policies/association-policy-violation-resolution-procedure.
23  [9]  Article I, Section 2 of NAR's Bylaws "prohibits state and local associations and their MLSs
from adopting any rule, regulation, practice or policy inconsistent with, or contrary to, any policy
24  adopted by the NAR Board of Directors." *See*  https://cl-qa.nar.realtor/NARCOMAR.nsf/files/ExhibitAKWET-
25  84JK4V/$FILE/Exhibit%20A%20Policy%20Violation%20Resolution%20Procedure%204-9-10.pdf
26  [10] *See* https://www.justice.gov/sites/default/files/atr/legacy/2005/12/05/213238.pdf.
27  [11] In those deposition he has stated ""Agents can conduct business confidently (through the
MLS) because they are reasonably assured that transactions follow established rules." Complaint
28  Counsel's Amend. Proposed Findings of Fact, Conclusions of Law, and Order., In the Matter of
Realcomp II LTD, FTC (Dkt. No. 9320).

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ          8

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

1    subsequent amendments, the "primary role" of MLSs and its function as the only platform for

2    enforcing broker cooperation, as well as the "top" benefits of IDX.[12]

3            **C.      NAR Concedes That The Seven Proposed Custodians Have Relevant ESI**
             **Central To Issues Implicated In This Case.**
4

5        *ALL* of REX's proposed custodians have already been named ESI custodians in *Moehrl* and

6    *Sitzer*, two antitrust class actions presently being prosecuted against NAR in other district courts.

7    These cases challenge anticompetitive conduct similar to and related to what has been alleged in

8    this case, including the Buyer Agent Commission Rule. While NAR maintains that this case is only

9    about the Segregation Rule, REX contends the Buyer-Broker Commission Rule is deeply implicated

10   in this case because the Segregation Rule serves to protect and further the Buyer Agent Commission

11   Rule. As noted above, this Court recognized that this case concerns both the Segregation Rule and

12   the Buyer-Broker Commission Rule when it stated in its Order denying NAR's motion to dismiss,

13   REX's "complaint challenges not only the Segregation Rule but also the Buyer Agent Commission

14   Rule, both of which were 'written by NAR and enforced by its member MLSs'; moreover, the Buyer

15   Agent Commission Rule allegedly 'mandate[s] offers of commissions to buyer agents.'" *See*

16   September 2, 2021 Order on Mot. to Dismiss at 8 (Dkt. No. 98) (*quoting* Compl. At ¶¶ 7 &59)[13]

17           Moreover, significant overlap exists among the allegations in the three cases beyond the

18   operation of NAR's rules. All of the cases are concerned with NAR's market power with respect to

19   residential real estate brokerage services and the role of MLSs and IDX feeds in perpetuating its

20   market dominance.[14] Consequently, NAR's affirmative defenses,[15] and the scope of each plaintiff's

21

22

23

24   _____
     [12] *Id.* at ¶¶ 227, 228, 231, 236, 245, 246, 668, 669, 670, 839, 840, 841, 848, 882.

25   [13] *See also id.* at 12 ("First, Plaintiff challenges not just the optional Segregation Rule, but also
     the mandatory Buyer Agent Commission Rule." (citing Compl. At ¶¶ 29, 34, & 59)).

26   [14] *Compare* Consol. Amend. Class Action Complaint ¶¶ 2, 3, 7, 14, 50, 53, 57, 58, 59, 60, 63,
     64, 67, 68, 74, 77, 81-85, 88, 91-93, 94-101, 122-132, 133, 134, 136-139, 154-156, *Moehrl v. The*
27   *National Association of Realtors*, 1:19-cv-01610, (Jun. 14 2019) (No. 84) *with* Amend. Complaint
     ¶¶ 2, 5, 7, 9, 22-38, 70, 71-88, 98-107, 119-123, 124-126, 132-141.

28   [15] *Compare* Answer at 86-87, *Moehrl v. The National Association of Realtors*, 1:19-cv-01610,
     (Nov. 16 2020) (No. 202) *with* Answer at 20.

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                    9

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

discovery requests[16] are similar across the cases. *Waters v. Earthlink, Inc.*, CIV.A. 01-11887-REK, 2004 WL 6000237, at *3 (D. Mass. Dec. 1, 2004) ("Since this testimony relates to a case involving similar claims and facts to the case at bar, it meets the low relevance standard.").

Once "a showing of substantial similarity" between actions is made, Court generally allow for the production of previously produced discovery. *See Costa v. Wright Med. Tech., Inc.*, 17-CV-12524-ADB, 2019 WL 108884, at *1 (D. Mass. Jan. 4, 2019) ("Materials produced and deposition testimony given in other litigation is generally discoverable upon a showing of substantial similarity between the prior and current actions.") (collecting cases); *see also Connecticut Gen. Life Ins. Co. v. Adv. Surgery Ctr. of Bethesda*, LLC, CV DKC 14-2376, 2016 WL 7115952, at *3 (D. Md. Dec. 7, 2016) ("As noted above, Cigna must produce such documents even if they come from litigation with non-SurgCenter affiliates, so long as the cases involve similar claims of fee forgiveness."). In this case, the Court should find that the substantial similarity among the three cases warrants the addition of common ESI custodians.

In this regard, REX notes that among the custodians designated in *Moerhl* and *Sitzer*, NAR designated the following lawyers and members of its legal department as custodians: Clifford Niersbach, Katie Johnson, and Kate Lawton. In this case, however, NAR refuses to add any employee of its "legal department" because it claims "the privilege considerations attached to collecting and reviewing a lawyer's documents make such discovery inappropriate." These positions are illogical and irreconcilable.[17] But even if the Court were to entertain NAR's meritless objection, Ms. Johnson's and Mr. Niersbach's roles at NAR extended well beyond providing legal advice. For example, Ms. Johnson although NAR's general counsel, is also NAR's Chief Membership Experience Officer and has been a vocal spokesperson for NAR regarding competition in the real estate industry and the impact of technological advancements on it. Mr. Niersbach was Associate

---

[16] *Compare* Ex. B to Mem. In Supp. Pls'. Mot. To Compel ("Pls.' First Set Req. for Produc."), *Moehrl v. The National Association of Realtors*, 1:19-cv-01610, (Nov. 16, 2020) (No. 202) *with* Pl's First Req. for Produc. (Ex. I).

[17] NAR has even managed to produce several relevant documents authored by employees of its legal department without issue. For example, NAR has already produced communications to and from Mr. Niersbach regarding his role with the MLS Issues and Policy Committee and their decision to consider amending NAR's IDX rules on comingling.

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                    10

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

General Counsel at NAR, but he was also "the staff liaison to the Professional Standards Committee, the Interpretations and Procedures Subcommittee, the Multiple Listing Issues and Policies Committee, and ha[d] worked with various study groups, task forces, and presidential advisory groups."[18] Therefore, their status as lawyers should not shield them from collecting and producing non-privileged documents that are discoverable in this case. *In re Rail Freight Fuel Surcharge Antitrust Litig.,* 2009 WL 3443563, at *10 (D.D.C. Oct. 23, 2009) ("Their status as attorneys does not shield these custodians unconditionally from fulfilling the discovery obligations of defendants . . . Thus, these custodians should be treated as all other custodians for the purpose of discovery.").

### D.    REX's Request Poses No Burden and is Proportional to the Needs of the Case.

"[D]iscovery in antitrust litigation is most broadly permitted and the burden or cost of providing the information sought is less weighty a consideration than in other cases" *U.S. v. Int'l Bus. Machs. Corp*., 66 F.R.D. 186, 189 (S.D.N.Y.1974). "As the party resisting discovery, [NAR] bears the burden of showing that [REX's] proposed custodians are not proportional to the needs of the case." *County of Cook v. Bank of Am. Corp*., 14 C 2280, 2019 WL 5393997, at *6 (N.D. Ill. Oct. 22, 2019). "The party opposing a motion to compel carries a 'heavy' burden of persuasion." *U.S. v. AT & T Inc*., No. 11–1560, 2011 WL 5347178, at *5 (D.D.C. Nov. 6, 2011). NAR has already collected, reviewed, and produced ESI for all seven individuals REX seeks to add as custodians. Courts have held that when ESI for proposed custodians "has already been gathered and searched" their addition "cannot be considered burdensome." *Garcia Ramirez v. U.S. Immig. and Cust. Enf't,* 331 F.R.D. 194, 197 (D.D.C. 2019).

NAR argues that it need not add more custodians because they have yielded comparable search term "hits" to REX's with the two custodians currently designated. This argument mischaracterizes the hit count results, and ignores the resource differences between REX, a defunct start-up thanks to NAR and Zillow, and NAR, a massive association with its own legal department. The more reasonable assumption is that NAR, as the far larger organization, would possess far more

---

[18] *See* https://www.nar.realtor/sites/default/files/presentations/2012/2012-legal-seminar-bios-nar-chicago-attorneys-2012-10-18.pdf

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                                11

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

1   ESI than REX. *Practices and Antitrust Litig.*, 17-MD-2785-DDC-TJJ, 2018 WL 1440923, at *2 (D.

2   Kan. Mar. 15, 2018).

3          NAR also argues that all seven of the proposed individuals would only provide duplicative

4   information. The burden should be on NAR to substantiate this contention. General assertions as to

5   burden of additional custodians have repeatedly been rejected by courts. *See Thomas v. City of New*

6   *York,* 336 F.R.D. 1, 3 (E.D.N.Y. 2020) ("Since Defendants give no indication of the volume of

7   responsive ESI, the Court cannot conclude that the efforts in reviewing the ESI of the additional

8   custodians would be so burdensome."); *Garcia Ramirez v. U.S. Immigr. & Customs Enf't*, 331

9   F.R.D. 194, 198 (D.D.C. 2019) ("Defendants do not provide any evidence or specific factual

10  allegations to support their assertion that discovery from the additional custodians would unduly

11  add to the cost or time needed to process the necessary documents."); *see c.f. Enslin v. Coca-Cola*

12  *Co.*, 2:14-CV-06476, 2016 WL 7013508, at *1 (E.D. Pa. May 13, 2016) ("Defendants represented

13  that they sampled the data of one of these additional custodians and found that each relevant

14  document contained in that data had already been produced.").

15         NAR finally argues that REX's request is not timely. But there are still several months left

16  before the close of discovery *Voter v. Avera Brookings Med. Clinic*, 2008 WL 4372707, at *1

17  (D.S.D. Sept. 22, 2008) ("Generally, absent a specific directive in the scheduling order, motions to

18  compel discovery filed prior to the discovery deadline have been held timely."). Furthermore, just

19  two months ago REX was compelled by NAR to add four new custodians. In any event, the fact that

20  NAR has already collected and reviewed the ESI for all of the proposed custodians makes NAR's

21  position regarding timeliness untenable. NAR should be able to provide REX with the relevant ESI

22  quickly and without little effort.

23     **IV.    CONCLUSION**

24         Because the "nature of [REX's] antitrust claims," implicate "claims of collusion . . . raise

25  important, vital issues of public importance," the "amount in controversy is very large," and

26  "defendants' resources are greater than plaintiffs'" policy "factors weigh in favor of the discovery

27  sought by [REX]." *Kleen Products LLC. v. Packaging Corp. of Am.*, 2012 WL 4498465, at *14

28  (N.D. Ill. Sept. 28, 2012). For all the reasons stated above and in its August 8, 2022 Letter, REX

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                    12

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

respectfully moves the court to compel NAR to comply with the January 20, 2022, ESI order and add the seven proposed NAR employees to its custodian designations. REX also requests that the Court order NAR to begin immediately producing ESI in the possession, custody or control of Gansho and Galicia using agreed upon search terms.

Dated:  August 25, 2022

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Carl E. Goldfarb*
Carl E. Goldfarb (Admitted Pro Hac Vice)
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile:  (954) 356-0022
cgoldfarb@bsfll.com

Ursula Ungaro, Esq.
Stephen N. Zack, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE 2ⁿᵈ Street, Suite 2800
Miami, FL  33131
BOIES, SCHILLER & FLEXNER LLP
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
uungaro@bsfllp.com
szack@bsfllp.com

David Boies
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY  10504
Telephone:  (914) 749-8200
Facsimile:  (914) 749-8300
dboies@bsfllp.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF GOOD FAITH</u>

**I HEREBY CERTIFY** that I have in good faith conferred with counsel for the National Association of Realtors regarding the discovery requests at issue in this motion, in an attempt to obtain that discovery without court action.

By:  */s/ Carl Goldfarb*
Carl Goldfarb

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ          13

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

1

## CERTIFICATE OF SERVICE

2          **I HEREBY CERTIFY** that on August 25, 2022, I served foregoing document upon

3    counsel of record listed below via e-mail:

4    Aravind Swaminathan
     Nicole Tadano
5    ORRICK, HERRINGTON & SUTCLIFFE LLP
     701 Fifth Avenue, Suite 5600
6    Seattle, WA 98104-7097
     aswaminathan@orrick.com
7    ntadano@orrick.com
8    ***Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC***
9    Russell P. Cohen, *Pro Hac Vice*
     ORRICK, HERRINGTON & SUTCLIFFE LLP
10   The Orrick Building
11   405 Howard Street, 7th Floor
     San Francisco, CA 94105
12   rcohen@orrick.com
13   ***Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC***

14   Naomi J. Scotten, *Pro Hac Vice*
15   ORRICK, HERRINGTON & SUTCLIFFE LLP
     51 West 52nd Street
16   New York, NY 10019
17   nscotten@orrick.com
     ***Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC***
18

19   John "Jay" Jurata, Jr., *Pro Hac Vice*
     ORRICK, HERRINGTON & SUTCLIFFE LLP
20   1152 15th Street, N.W.
     Washington, DC 20005
21   jjurata@orrick.com
22   ***Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC***
23

24   Thomas C. Rubin
     QUINN EMANUEL URQUHART &
25   SULLIVAN, LLP
     1109 First Avenue, Suite 210
26   Seattle, Washington 98101
     tomrubin@quinnemanuel.com
27

28

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ          14

Gabrielle H. Hanna
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101
ghanna@cooley.com

Samantha A. Strauss*, Pro Hac Vice*
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004
sastrauss@cooley.com

***Attorneys for Defendant The National Association of Realtors***

By: *<u>/s/ Carl Goldfarb</u>*
     Carl Goldfarb

MOTION TO COMPEL
CUSTODIAN DESIGNATION
Case No. 2:21-cv-00312-TSZ                    15

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REX – REAL ESTATE EXCHANGE, INC., | Case No. 2:21-cv-00312-TSZ |
| Plaintiff, | **PROPOSED ORDER GRANTING REX'S MOTION TO COMPEL NAR TO ADD CUSTODIANS AND PRODUCE DOCUMENTS** |
| v. | |
| ZILLOW, INC., et al. | |
| Defendants. | **NOTE ON MOTION CALENDAR:** September 16, 2022 |

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD.
SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

THIS MATTER comes before the Court on Plaintiff REX Real Estate Exchange Inc.'s ("REX") Motion to Compel.

The Court has considered REX's Motion to Compel, the Declaration of Counsel in Support Of REX's Motion to Compel, the response by Defendant The National Association of Realtors ("NAR"), and REX's reply, along with the pleadings filed in this action. Based on the foregoing, the Court hereby ORDERS that REX's Motion to Compel is GRANTED.

Defendant NAR shall add the seven proposed NAR employees (Bob Goldberg, Katherine "Katie" Johnson, Kate Lawton, Kevin Milligan, Diane Mosley, Clifford Niersbach, and Lawrence Yun) to its custodian designations and begin immediately producing ESI in the possession, custody or control of Gansho and Galicia using agreed upon search terms.

**IT IS SO ORDERED.**

Dated this ___ day of _____ 2022.

                         _____

                         HONORABLE THOMAS S. ZILLY
                         UNITED STATES DISTRICT JUDGE

PROPOSED ORDER
Case No. 2:21-cv-00312-TSZ

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD.
SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

Dated:  August 25, 2022

**BOIES SCHILLER FLEXNER LLP**

By:/s/ Carl E. Goldfarb
Carl E. Goldfarb (Admitted Pro Hac Vice)
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile:  (954) 356-0022
cgoldfarb@bsfll.com

Ursula Ungaro, Esq.
Stephen N. Zack, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL  33131
BOIES, SCHILLER & FLEXNER LLP
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
uungaro@bsfllp.com
szack@bsfllp.com

David Boies
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY  10504
Telephone:  (914) 749-8200
Facsimile:   (914) 749-8300
dboies@bsfllp.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF GOOD FAITH</u>

**I HEREBY CERTIFY**  that  I have in good faith conferred with counsel for the National Association of Realtors regarding the discovery requests at issue in this motion, in an attempt to obtain that discovery without court action.

By: /s/ Carl Goldfarb
     Carl Goldfarb

2

PROPOSED ORDER
Case No. 2:21-cv-00312-TSZ

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD.
SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 25, 2022, I served foregoing document upon counsel of record listed below via e-mail:

Aravind Swaminathan
Nicole Tadano
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104-7097
aswaminathan@orrick.com
ntadano@orrick.com
***Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC***
Russell P. Cohen, *Pro Hac Vice*
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street, 7th Floor
San Francisco, CA 94105
rcohen@orrick.com
***Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC***

Naomi J. Scotten, *Pro Hac Vice*
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
nscotten@orrick.com
***Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC***

John "Jay" Jurata, Jr., *Pro Hac Vice*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, DC 20005
jjurata@orrick.com
***Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC***

Thomas C. Rubin
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
tomrubin@quinnemanuel.com

3

PROPOSED ORDER
Case No. 2:21-cv-00312-TSZ

Gabrielle H. Hanna
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101
ghanna@cooley.com

Samantha A. Strauss, *Pro Hac Vice*
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004
sastrauss@cooley.com

***Attorneys for Defendant The National Association of Realtors***

By: *<u>/s/ Carl Goldfarb</u>*
      Carl Goldfarb

PROPOSED ORDER
Case No. 2:21-cv-00312-TSZ

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD.
SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011