The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REX – REAL ESTATE EXCHANGE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW, INC., et al.<br><br>Defendants. | Case No. 2:21-cv-00312-TSZ<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

Plaintiff REX- Real Estate Exchange, Inc. ("REX") and Defendants Zillow, Inc., Zillow Group Inc, Zillow Homes, Inc., Zillow Listing Services, Trulia, LLC (collectively, "Zillow") and Defendant National Association of Realtors ("NAR") jointly stipulate and agree to amend the Stipulated Protective Order entered on April 22, 2021 (Dkt. No. 42) and agree to the entry of an Amended Stipulated Protective Order as described below.

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Amended Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

REX'S AGREED MOTION TO MODIFY
PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ            1

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

   a) Computer programming codes, software, or hardware;

   b) Customer lists and customer information;

   c) Internal financial data;

   d) Proprietary business processes;

   e) Marketing plans and non-public market research performed by a party, or by a third-party on its behalf;

   f) Confidential business communications, including contracts and contract negotiations;

   g) Tax records;

   h) Documents containing personal identifying information;

   i) Documents containing non-public, confidential information of third parties;

   j) Non-public business or strategy plans or forecasts;

   k) Non-public product or service plans, including documents reflecting non-public research or development of future products or services; and

   l) Intellectual property or trade secrets.

"Attorneys' Eyes Only" material shall include extremely sensitive "Confidential" information or material, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. <u>SCOPE</u>

The protections conferred by this agreement cover not only Confidential and Attorneys Eyes Only material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

REX'S AGREED MOTION TO MODIFY
PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ  2

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

1      4.    <u>ACCESS TO AND USE OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY MATERIAL</u>

    4.1    <u>Basic Principles</u>. A receiving party may use Confidential or Attorney Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential and Attorneys Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential and Attorneys Eyes Only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

    (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    the Court, court personnel, and court reporters and their staff;

    (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

    (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

REX'S AGREED MOTION TO MODIFY PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ      3

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

1   Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.

2   Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential

3   material must be separately bound by the court reporter and may not be disclosed to anyone

4   except as permitted under this agreement;

5          (g)   the author or recipient of a document containing the information or a

6   custodian or other person who otherwise possessed or knew the information;

7          (h)   any mediator or settlement officer, and their supporting personnel,

8   mutually agreed upon by the parties engaged in settlement discussions;

9          (i)   insurers for any party to the extent reasonably necessary for the

10  performance of their work associated with the litigation; and

11         (j)   any other person that the designating party agrees to in writing.

12

13     4.3   <u>Disclosure of "Attorneys' Eyes Only" Information or Items</u>. Unless otherwise

14  ordered by the court or permitted in writing by the designating party, a receiving party may

15  disclose any Attorneys Eyes Only material only to:

16         (a)   the Court and court personnel;

17         (b)   attorneys of record in the Proceedings and their affiliated attorneys,

18  paralegals, clerical and secretarial staff employed by such attorneys who are actively

19  involved in the Proceedings and are not employees of any Party;

20         (c)   court reporters and videographers in this Proceeding (whether at

21  depositions, hearings or any other proceeding);

22         (d)   any deposition, trial or hearing witness in the Proceeding who

23  previously had access to the "Attorney's Eyes Only" designated materials;

24         (e)   during their depositions only, witnesses in the action to whom

25  disclosure is reasonably necessary and who have signed the "Acknowledgment and

26  Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or

27  ordered by the court. Such witnesses shall not retain copies of such material, and pages of

28  transcribed deposition testimony or exhibits to depositions that reveal attorneys' eyes only

REX'S AGREED MOTION TO MODIFY
PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ                4

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

1  material must be separately bound by the court reporter and may not be disclosed to anyone
2  except as permitted under this agreement;

3      (f)    outside experts or expert consultants retained by the undersigned Parties or
4  their counsel in connection with the Proceeding provided that prior to disclosure of the
5  "Attorney's Eyes Only" designated materials to any such expert or expert consultant, counsel
6  for Party making the disclosure delivers a copy of this Protective Order to such person,
7  explain its terms to such person and shall secure the signature of such person on the form
8  attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any
9  breach or threatened breach of this Protective Order by any such expert or expert consultant,
10 to promptly notify counsel for the Designating Party or non-Party of such breach or
11 threatened breach;

12     (g)    any mediator or settlement officer, and their supporting personnel,
13 mutually agreed upon by the parties engaged in settlement discussions;

14     (h)    insurers for any party to the extent reasonably necessary for the
15 performance of their work associated with the litigation; and

16     (i)    any other person that the designating party agrees to in writing.

17     4.4    <u>Filing Confidential or Attorneys' Eyes Only Material</u>. Before filing any
18 confidential material or discussing or referencing such material in court filings, the filing
19 party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A),
20 to determine whether the designating party will remove the confidential designation, whether
21 the document can be redacted, or whether a motion to seal or stipulation and proposed order
22 is warranted. The filing party shall include with their filing only those parts of the confidential
23 material that is believes is necessary to support its position. During the meet and confer
24 process, the designating party must identify the basis for sealing the specific confidential
25 information at issue, and the filing party shall include this basis in its motion to seal, along
26 with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the
27 procedures that must be followed and the standards that will be applied when a party seeks
28 permission from the court to file material under seal.  A party who seeks to maintain the

REX'S AGREED MOTION TO MODIFY
PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ     5

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material or "ATTORNEYS' EYES ONLY" to each page that contains attorneys' eyes only material. If only a portion or portions of the material on a page

REX'S AGREED MOTION TO MODIFY PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ       6

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

1  qualifies for protection, the producing party also must clearly identify the protected portion(s)
2  (*e.g.*, by making appropriate markings in the margins).

3  (b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the
4  parties and any participating non-parties must identify on the record, during the deposition or
5  other pretrial proceeding, all protected testimony, without prejudice to their right to so
6  designate other testimony after reviewing the transcript. Any party or non-party may, within
7  fifteen days after receiving the transcript of the deposition or other pretrial proceeding,
8  designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party
9  desires to protect confidential information at trial, the issue should be addressed during the
10 pre-trial conference.

11 (c) <u>Other tangible items</u>: the producing party must affix in a prominent
12 place on the exterior of the container or containers in which the information or item is stored
13 the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or
14 portions of the information or item warrant protection, the producing party, to the extent
15 practicable, shall identify the protected portion(s).

16 5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
17 designate qualified information or items does not, standing alone, waive the designating
18 party's right to secure protection under this agreement for such material. Upon timely
19 correction of a designation, the receiving party must make reasonable efforts to ensure that
20 the material is treated in accordance with the provisions of this agreement.

21 6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

22 6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of
23 confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality
24 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic
25 burdens, or a significant disruption or delay of the litigation, a party does not waive its right
26 to challenge a confidentiality designation by electing not to mount a challenge promptly after
27 the original designation is disclosed.

28

REX'S AGREED MOTION TO MODIFY
PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ            7

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

6.2     <u>Meet and Confer</u>. The parties, and non-parties where necessary, must make every attempt to resolve any dispute regarding confidentiality designations without court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

REX'S AGREED MOTION TO MODIFY PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ     8

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Attorneys Eyes Only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential or Attorneys Eyes Only material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

REX'S AGREED MOTION TO MODIFY
PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ          9

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

1   The confidentiality obligations imposed by this agreement shall remain in effect until
2   a designating party agrees otherwise in writing or a court orders otherwise.

3   Respectfully Submitted:  September 30, 2022

| BOIES SCHILLER FLEXNER LLP | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|---|---|
| By: */s/ Ursula Ungaro* <br> Ursula Ungaro, Esq. <br> By: */s/ Stephen N. Nack* <br> Stephen N. Zack, Esq. <br> BOIES SCHILLER FLEXNER LLP <br> 100 SE 2nd Street, Suite 2800 <br> Miami, FL  33131 <br> BOIES, SCHILLER & FLEXNER LLP <br> Telephone:  (305) 539-8400 <br> Facsimile:  (305) 539-1307 <br> Email:  uungaro@bsfllp.com <br>         szack@bsfllp.com | By: */s/ Aravind Swaminathan* <br> Aravind Swaminathan <br> (WSBA No. #33883) <br> By:*/s/ Nicole Tadano* <br> Nicole Tadano (WSBA No. 40531) <br> 701 Fifth Avenue, Suite 5600 <br> Seattle, WA 98104 <br> Telephone:  206-839-4300 <br> Facsimile:  206-839-4301 <br> Email:  aswaminathan@orrick.com <br>         ntadano@orrick.com |
| By: */s/ Carl Goldfarb* <br> Carl E. Goldfarb *(Admitted Pro Hac Vice)* <br> 401 East Las Olas Blvd., Suite 1200 <br> Fort Lauderdale, FL 33301 <br> Telephone: (954) 356-0011 <br> Facsimile:  (954) 356-0022 <br> Email: cgoldfarb@bsfllp.com | By:*/s/ John "Jay" Jurata, Jr.* <br> John "Jay" Jurata, Jr. <br> *(Admitted Pro Hac Vice)* <br> 1152 15th Street, N.W. <br> Washington, DC  20005 <br> Telephone:  202-339-8400 <br> Email:  jjurata@orrick.com |
| By:  */s/ David Boies* <br> David Boies, Esq. <br> BOIES SCHILLER FLEXNER LLP <br> 333 Main Street <br> Armonk, NY 10504 <br> Telephone: (914) 749-8200 <br> Facsimile:  (914) 749-8300 <br> Email: dboies@bsfllp.com | By:*/s/ Russell P. Cohen* <br> Russell P. Cohen <br> *(Admitted Pro Hac Vice)* <br> 405 Howard Street <br> San Francisco, CA 94105 <br> Telephone:  415-773-5700 <br> Email:  rcohen@orrick.com |
| ***Attorneys for Plaintiff REX – Real Estate Exchange, Inc.*** <br><br> McCARTY LAW PLLC <br><br> By: */s/ Darren L. McCarty* <br> Darren L. McCarty *(Admitted Pro Hac Vice)* <br> By: */s/ Cristina M. Moreno* <br> Cristina M. Moreno *(Admitted Pro Hac Vice)* <br> 1410B West 51st Street <br> Austin, TX  78756 | By:*/s/ Naomi J. Scotten* <br> Naomi J. Scotten <br> *(Admitted Pro Hac Vice)* <br> 51 West 52nd Street <br> New York, NY 20005 <br> Telephone:  212-506-5000 <br> Email:  nscotten@orrick.com |

REX'S AGREED MOTION TO MODIFY PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ                    10

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

| | |
|---|---|
| Telephone: 512-827-2902<br>Email: darren@mccartylawpllc.com<br><br>**Attorneys for Plaintiff REX-Real Estate Exchange, Inc.** | By: */s/ Laura B. Najemy*<br>Laura B. Najemy<br>*(Admitted Pro Hac Vice)*<br>lnajemy@orrick.com<br>222 Berkeley Street, Suite 2000<br>Boston, MA 02116<br>Telephone: 617-880-1800<br><br>**Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, and Trulia, LLC**<br><br>\*\*Pursuant to this Court's Electronic Filing Procedure III L, the electronic signatory has obtained approval from all other signatories.<br><br>COOLEY LLP<br><br>By: */s/ Christopher B. Durbin*<br>Christopher B. Durbin (WSBA No. 41159)<br>1700 Seventh Avenue<br>Suite 1900<br>Seattle, WA 98101-1355<br>Phone: (206) 452-8700<br>Fax: (206) 452-8800<br>Email: cdurbin@cooley.com<br><br>By: */s/ Ethan Glass*<br>Ethan Glass (*pro hac vice*)<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DC 20004-2400<br>Phone: (202) 776-2244<br>Fax: (202) 842-7899<br>eglass@cooley.com<br><br>By: */s/ Thomas C. Rubin*<br>Thomas C. Rubin, WSBA #33829<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1109 First Avenue, Suite 210<br>Seattle, WA 98101<br>Phone: (206) 905-7000<br>Fax: (206) 905-7100<br>tomrubin@quinnemanuel.com |

REX'S AGREED MOTION TO MODIFY
PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ          11

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By :*/s/ Michael D. Bonanno*
Michael D. Bonanno (*pro hac vice*)
By :*/s/ Kathleen Lanigan*
Kathleen Lanigan (*pro hac vice*)
By: */s/ Peter Benson*
Peter Benson (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, Suite 900
Washington, D.C. 20005
Phone: (202)538-8000
Fax: (202) 538-8100
ethanglass@quinnemanuel.com
mikebonanno@quinnemanuel.com
katlanigan@quinnemanuel.com
peterbenson@quinnemanuel.com

***Attorneys for The National Association of Realtors®***

REX'S AGREED MOTION TO MODIFY PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ         12

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 30th day of September, 2022.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

REX'S AGREED MOTION TO MODIFY
PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ         13

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of REX-Real Estate Exchange, Inc. v. Zillow, Inc, et al., Case No. 2:21-cv-00312-TSZ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

REX'S AGREED MOTION TO MODIFY PROTECTIVE ORDER
Case No. 2:21-cv-00312-TSZ   14

BOIES SCHILLER FLEXNER LLP
401 E LAS OLAS BLVD., SUITE 1200
FORT LAUDERDALE, FL 33301
(954) 356-0011