The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REX – REAL ESTATE EXCHANGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZILLOW, INC., et al. <br><br> Defendants. | Case No. 2:21-cv-00312-TSZ <br><br> **THE NATIONAL ASSOCIATION OF REALTORS'® OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL 30(b)(6) DEPOSITION** <br><br> Noted on the Motion Calendar: November 11, 2022 |

NAR's Opposition to Plaintiff's Motion to Compel
Case No. 2:21-cv-00312-TSZ

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................................ 1
II.   ARGUMENT ...................................................................................................................... 1
III.  CONCLUSION ................................................................................................................... 6
CERTIFICATE OF SERVICE .................................................................................................... 8

**NAR'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**
Case No. 2:21-cv-00312-TSZ

i

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baleja v. Northrop Grumman Space & Mission Sys. Corp. Salaried Pension Plan*,
　2020 WL 6586310 (C.D. Cal. June 9, 2020) ................................................................................ 1

*Blackwell v. City & Cnty. of San Francisco*,
　2010 WL 2608330 (N.D. Cal. June 25, 2010) ............................................................................. 2

*Charm Floral v. Wald Imports, Ltd.*,
　2012 WL 424581 (W.D. Wash. Feb. 9, 2012) ............................................................................. 6

*Fernandez v. Penske Truck Leasing Co., L.P.*,
　2013 WL 438669 (D. Nev. Feb. 1, 2013) .................................................................................... 5

*Groupion, LLC v. Groupon, Inc.*,
　2012 WL 359699 (N.D. Cal. Feb. 2, 2012) ............................................................................. 1, 4

*Hosseinzadeh v. Bellevue Park Homeowners Ass'n*,
　2020 WL 4901674 (W.D. Wash. Aug. 20, 2020) ........................................................................ 5

*Jones v. United States*,
　720 F. Supp. 355 (S.D.N.Y. 1989) ............................................................................................. 6

*Paige v. Commissioner*,
　248 F.R.D. 272 (C.D. Cal. 2008) ................................................................................................ 6

*Peck v. Cty. of Orange*,
　2020 WL 3026377 (C.D. Cal. May 11, 2020) ............................................................................ 1

**Other Authorities**

Fed. R. Civ. P.
　26 ................................................................................................................................................ 1
　30 ..................................................................................................................................... 1, 2, 4, 5

W.D. Mo. Loc. Civ. R. 7(d)(2) ........................................................................................................ 6

**NAR'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**
Case No. 2:21-cv-00312-TSZ

ii

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

## I.  INTRODUCTION

The simple fact is that, as scheduled, NAR did present its person most knowledgeable on the noticed topics (and who also was well prepared), REX did have an opportunity to inquire of NAR's designee on any non-privileged topic, REX did ask its questions, and NAR's designee did provide answers on behalf of NAR.  REX does not, and cannot, show otherwise. In fact, REX filed a motion to compel *before* NAR's 30(b)(6) deposition even was scheduled to happen. As such, NAR respectfully requests the Court deny REX's motion to compel (ECF 183).

## II.  ARGUMENT

While NAR complied with its discovery obligations, REX still proceeded to trouble the Court by demanding that NAR file a motion for a protective order and filing the instant motion to compel—all in an attempt to manufacture a dispute, claim waiver, and depose NAR twice without good cause.  As every law student knows, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to *1 day* of 7 hours."  Fed. R. Civ. P. 30(d)(1) (emphasis added); *see Baleja v. Northrop Grumman Space & Mission Sys. Corp. Salaried Pension Plan*, 2020 WL 6586310, at *3 (C.D. Cal. June 9, 2020) ("The practice in this district has been that the second deposition of a corporate defendant is subject to the one-deposition limitation and requires leave of court before it may go forward."); *Peck v. Cty. of Orange*, 2020 WL 3026377, at *1 (C.D. Cal. May 11, 2020) ("The law is settled that pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii), a party may not notice a second 30(b)(6) deposition of an organization without first obtaining leave of court to do so."); *cf.* Fed. R. Civ. P. 30(a)(2)(A) Advisory Committee Notes (1993) ("A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition.").  Moreover, depositions are limited where "the discovery sought is unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(6)(2)(c); *see also Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *6 (N.D. Cal. Feb. 2, 2012) (denying leave to take second 30(b)(6) deposition where noticing party voluntarily terminated first 30(b)(6)

NAR'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
Case No. 2:21-cv-00312-TSZ

1

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

deposition); *Blackwell v. City & Cnty. of San Francisco*, 2010 WL 2608330, at *2 (N.D. Cal. June 25, 2010) (denying leave for second 30(b)(6) deposition because "Plaintiff should have been able to cover the subject matters identified in the notice for the second deposition at the time of the first deposition").

Here, NAR complied with all of its discovery obligations. REX had ample opportunity to depose NAR on Friday, and a second deposition will be both cumulative and unduly burdensome on NAR.

### A. NAR Produced a Properly Prepared Rule 30(b)(6) Witness on All of REX's Topics.

On September 1, 2022, REX noticed a deposition of NAR under Rule 30(b)(6), which had 50 topics and sub-parts. ECF 181 at 4. After meet-and-conferring, REX and NAR agreed that the deposition would be scheduled for October 28. Glass Decl. Ex. 3. On October 10, just 18 days before the deposition was set to proceed, REX served an Amended Rule 30(b)(6) Notice adding 12 new topics and sub-parts. Glass Decl. Ex. 4. NAR timely appeared as agreed on October 28 through its designee Rodney Gansho.

Mr. Gansho is a 31-year veteran of NAR, with extensive knowledge relevant to the topics central to this litigation. *See* Glass Decl. Ex. 1 (Dep. Tr. at 32:15-17; 189:21-190:9). For the past eight years, Mr. Gansho served as the Staff Executive on NAR's Multiple Listing Issues and Policies Committee and MLS Technology and Emerging Issues Advisory Board. *See* Glass Decl. Ex. 2 (REX Ex. 5). During that time, he has served as one of the main points of contact for communications within NAR about the Model Rules and the issues in this case. *See* Glass Decl. Ex. 2 (REX Ex. 5); Glass Decl. Ex. 1 (Dep. Tr. at 190:4-9). Despite Mr. Gansho being the person most knowledgeable, NAR still spent weeks preparing Mr. Gansho. He spoke with current and former NAR executives, attended multiple preparation meetings with counsel, and reviewed numerous documents in preparation for his deposition. *See* Glass Decl. Ex. 1 (Dep. Tr. at 20:8-21:9).

Specifically, with respect to the topics in dispute, Mr. Gansho met with NAR's CEO, Bob Goldberg regarding NAR's relationship with Realtor.com (Topic 12) and his conversations with

NAR'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
Case No. 2:21-cv-00312-TSZ

2

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

1  Errol Samuelson, Zillow's CIO, regarding Zillow's decision to become a member of NAR and join
2  MLSs (Topic 31).  *See, e.g.*, Glass Decl. Ex. 1 (Dep. Tr. at 86:2-87:18; 88:2-18; 149:13-17).  Mr.
3  Gansho also met with the former Director of MLS Engagement, Rene Galicia, regarding
4  communications between NAR and MLSs on the Model Rules at issue (Topic 32) and
5  communications or Zillow regarding the Model Rules at issue, its decision to join NAR and/or MLSs
6  (Topic 31).  *See* Glass Decl. Ex. 1 (Dep. Tr. at 189:21-191:11).  Mr. Gansho additionally met with
7  former Associate General Counsel, Cliff Neirsbach, regarding NAR's IDX and VOW Policies as
8  they pertain to the Model Rules, as well as the adoption of and any modifications to the Model Rules
9  (Topics 10, 24 and 25).  *See* Glass Decl. Ex. 1 (Dep. Tr. at 20:8-25).  Further, Mr. Gansho reviewed
10 over 80 documents in preparation to testify regarding REX's voluminous Topics, and NAR provided
11 the materials it used to prepare its witness to REX, on each Topic, at the outset of the deposition.
12 Mr. Gansho testified he was prepared to testify on every topic in the notice, and that there was
13 nothing more NAR could do to prepare him on those topics.  *See* Glass Decl. Ex. 1 (Dep. Tr. at
14 191:13-198:10).

15      On October 28, Mr. Gansho was present for an entire day and ready to testify on behalf of
16 NAR for seven hours.  And REX deposed him.  NAR's counsel only instructed him not to answer
17 once, and that was based on attorney-client privilege.  Otherwise, REX was able to ask all the
18 questions it wanted. REX even asked Mr. Gansho questions about the topics it claims must be
19 compelled.  For example, Topic 10 seeks information regarding IDX feeds. ECF 182-7, Glass Decl.
20 Ex. 7.  Mr. Gansho testified extensively regarding IDX feeds, Realtor.com, and NAR's IDX policy.
21 Glass Decl. Ex. 1 (Dep. Tr. at 43:23-57:23; 84:13-159:6)  In fact, at the conclusion of the deposition,
22 Mr. Gansho confirmed he had testified already in response to questioning falling under this Topic.
23 Glass Decl. Ex. 1 (Dep. Tr. at 193:3-6).  Mr. Gansho also offered testimony regarding Topic 12.
24 Glass Decl. Ex. 1 (Dep. Tr. at 86:9-98:12).  Regarding Topics 24-26, which seek information
25 regarding the Model Rules at issue, Mr. Gansho answered extensive questions regarding the
26 policies, which, as Mr. Gansho explained, are implemented by the corresponding model rules.  Glass
27 Decl. Ex. 1 (Dep. Tr. at 43:23-84:15, 93:21-94:23, 99:1-170:13).  Again, Mr. Gansho confirmed on
28 the record that he had indeed been asked questions about these Topics.  Glass Decl. Ex. 1 (Dep. Tr.

NAR'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
Case No. 2:21-cv-00312-TSZ

3

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

at 195:2-196:4). REX also asked Mr. Gansho about Topics 31 and 32, which seek information regarding "communications by anyone at NAR with anyone at Zillow about Zillow's decision to join NAR, to join any MLS, or the Segregation Rule" and "communications by anyone at NAR with anyone at any MLS regarding application of the Segregation Rule or the Commingling Rule to Zillow or REX." Glass Decl. Ex. 1 (Dep. Tr. at 169:10-189:5).

Therefore, NAR fully complied with Federal Rule 30(b)(6), and REX had an ample opportunity to examine NAR on the noticed topics. To the extent REX made a decision not to ask particular questions, that cannot create good cause for a second deposition. *Cf.* Glass Decl. Ex. 1 (Dep. Tr. at 149:15-20 ("Mr. Gansho: In my preparation, that was one of the issues that Bob Goldberg told me in his conversation with Errol Samuelson. Mr. Goldfarb: That's not a topic that I want to get into today, because that's one of the ones that we are going to pursue separately.")). REX cannot manufacture good cause for a second deposition by choosing to avoid certain questions or topics, or to end the deposition before using all seven hours. *See Groupion*, 2012 WL 359699, at *6.

### B. REX's Waiver Claims Are Meritless; and NAR Still Provided a Prepared Witness on All of the Topics.

REX's waiver arguments are irrelevant, as NAR produced a fully prepared witness.

Moreover, REX's waiver arguments are wrong. On September 20, REX and NAR met-and-conferred for hours, with NAR making objections to REX's notice. ECF 182 at ¶4. On September 28, NAR objected in writing to REX's first Rule 30(b)(6) notice with Objections and Responses to the Rule 30(b)(6) Notice. ECF 182 at ¶5. October 19, NAR objected in writing to REX's second Rule 30(b)(6) notice with Supplemental Objections and Responses to the Amended Rule 30(b)(6) Notice. ECF 182-7. REX did nothing in response to these Supplemental Objections and Responses to the Amended Rule 30(b)(6) notice until sending its threatening letter on October 23, announcing that it would proceed to depose NAR on 19 of its topics and sub-parts "as noticed," that REX was awarding itself a second deposition as to 43 other topics and sub-parts, suggesting that REX would seek sanctions if NAR did not comply with REX's demands, and that NAR "has forfeited its right to raise objections as a result of its failure to seek a protective order prior to the deposition." ECF

NAR'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
Case No. 2:21-cv-00312-TSZ

4

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

181 at 3. Prior to this letter late on the Sunday night before the deposition, REX had not informed NAR of these positions. Following receipt of the letter, NAR then attempted to delay the deposition so that it could seek a protective order and the parties could resolve any remaining disputes before the deposition, but REX refused, again suggesting it would seek sanctions. ECF 181 at 6. Then, on October 27, just 4 days after RX's Sunday letter, NAR filed a motion for a protective order. ECF 183. Therefore, NAR did not waive anything.

In its motion, REX incorrectly asserts that NAR waived its objections under Rule 37(d)(2). But that Rule and the cases that REX cites simply stand for the proposition that a party cannot refuse to appear for a deposition without first obtaining a protective order excusing them from appearance. NAR did file a motion for a prospective order (which is pending) and, because the Court did not stay the deposition, NAR did appear. And courts in this district have found motions for protective orders timely when filed as soon as the night before the scheduled deposition. *Hosseinzadeh v. Bellevue Park Homeowners Ass'n*, 2020 WL 4901674, at *4 (W.D. Wash. Aug. 20, 2020) ("Nothing in the Federal Rules of Civil Procedure supports Plaintiff's position" that filing a protective order the night before a deposition was "untimely.").

REX does not cite a single case for the remarkable proposition that allows REX to declare unilaterally, days before a deposition and after months of meet-and-confers, that NAR waived any objections because the Court did not decide NAR's pending motion for a protective order on REX's timeline. Nor could it. A responding party preserves objections to a Rule 30(b)(6) Notice by serving formal objections to that notice, which NAR did three times, twice of which were in writing. *See Fernandez v. Penske Truck Leasing Co., L.P.*, No. 2:12-CV-00295-JCM, 2013 WL 438669, at *2 (D. Nev. Feb. 1, 2013), *objections overruled*, No. 2:12-CV-295 JCM GWF, 2013 WL 2405297 (D. Nev. May 31, 2013) (finding formal objections to the noticed depositions sufficient to preserve objections and denying motion to compel even when deponent did not appear).

In fact, under the Civil Local Rules, NAR could not have obtained a protective order before the deposition. REX made its unilateral demand on Sunday, October 23. Under the Civil Local Rules, a motion for a protective order is a Second Friday Motion. *See* LCR 7(d)(2). Thus, a motion filed right after REX's letter, which NAR did, would be noted for a week *after* the deposition. Under

NAR'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
Case No. 2:21-cv-00312-TSZ

5

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

REX's incorrect position, a noticing party could always force the other party into a waiver, like REX is trying here. A deposition notice is valid if sent in a reasonable amount of time before the noticed date. *See, e.g., Paige v. Commissioner*, 248 F.R.D. 272, 275 (C.D. Cal. 2008) (fourteen days' notice was reasonable); *Charm Floral v. Wald Imports, Ltd.*, 2012 WL 424581, at * 3 (W.D. Wash. Feb. 9, 2012) (eight days' notice was reasonable); *Jones v. United States*, 720 F. Supp. 355, 366 (S.D.N.Y. 1989) (same). But under Local Rule 7(d)(2), motions for a protective order can be noticed "no earlier than the second Friday after and service of the motion," LR 7(d)(2), which is at most eight days and longer than some reasonable notice. Additionally, under REX's logic, it could notice a for the same day and if the Court did not issue a protective order the responding party would have waived its objections. Therefore, REX's position is both wrong and unreasonable.

### III.   CONCLUSION

NAR respectfully requests that the Court deny REX's motion to compel.

NAR's Opposition to Plaintiff's Motion to Compel
Case No. 2:21-cv-00312-TSZ

6

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700

1  Dated: November 4, 2022

2                                                            Respectfully submitted,

3

4                                                            /s/ Ethan Glass
                                                             Ethan Glass (*pro hac vice*)
5                                                            Samantha Strauss (*pro hac vice*)
                                                             **COOLEY LLP**
6                                                            1299 Pennsylvania Avenue, NW
                                                             Suite 700
7                                                            Washington, DC  20004-2400
                                                             Telephone: +1 202 776-2244
8                                                            Email: eglass@cooley.com
                                                             Email: sastrauss@cooley.com

9                                                            Sarah M. Topol (*pro hac vice*)
                                                             **COOLEY LLP**
10                                                           55 Hudson Yards
                                                             New York, NY 10001-2157
11                                                           Telephone: +1 212 479-6000
                                                             Email: stopol@cooley.com
12
                                                             Christopher B. Durbin, WSBA No. 41159
13                                                           **COOLEY LLP**
                                                             1700 Seventh Avenue
14                                                           Suite 1900
                                                             Seattle, WA 98101-1355
15                                                           Telephone: +1 206 452-8700
                                                             Email: cdurbin@cooley.com
16
                                                             Michael D. Bonanno (*pro hac vice*)
17                                                           **QUINN EMANUEL URQUHART &
                                                             SULLIVAN, LLP**
18                                                           1300 I Street, Suite 900
                                                             Washington, D.C. 20005
19                                                           Telephone: +1 202 538-8000
                                                             Email: mikebonanno@quinnemanuel.com
20
                                                             Thomas C. Rubin, WSBA No. 33829
21                                                           **QUINN EMANUEL URQUHART &
                                                             SULLIVAN, LLP**
22                                                           1109 First Avenue, Suite 210
                                                             Seattle, WA 98101
23                                                           Telephone: +1 206 905-7000
                                                             Email: tomrubin@quinnemanuel.com
24

25
                                                             *Attorneys for Defendant*
26                                                           *National Association of REALTORS®*

27

28

**NAR'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**
Case No. 2:21-cv-00312-TSZ                 7                 COOLEY LLP
                                                             1700 SEVENTH AVENUE
                                                             SUITE 1900
                                                             SEATTLE, WA 98101-1355
                                                             +1 206 452 8700

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Dated: November 4, 2022.

*/s/ Ethan Glass*
Ethan Glass
**COOLEY LLP**
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone: +1 202 776-2244
Email: eglass@cooley.com

NAR'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
Case No. 2:21-cv-00312-TSZ

8

COOLEY LLP
1700 SEVENTH AVENUE
SUITE 1900
SEATTLE, WA 98101-1355
+1 206 452 8700