UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REX – REAL ESTATE EXCHANGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZILLOW, INC., et al., <br><br> Defendants. | C21-0312 TSZ <br><br> MINUTE ORDER |

The following Minute Order confirms the Court's oral rulings made at the status conference held on January 31, 2023:

(1)  The motion to compel defendant The National Association of REALTORS® ("NAR") to run certain electronic searches, docket no. 196, filed by plaintiff REX – Real Estate Exchange, Inc. ("REX") is GRANTED, and NAR is ORDERED to run REX's Proposed Search 15[1] and produce any responsive documents on or before February 21, 2023.[2]

---

[1] REX's Proposed Search 15 reads as follows:  (disruptor* OR innovat! OR low-cost OR non-traditional OR threat) w/25 (MLS OR aggregate! OR NAR OR listings * OR commission*)). *See* Ex. J to Mot. (docket no. 196-10).  The Court finds that this proposed search is relevant and proportional to the needs of this case, and is designed to identify documents responsive to REX's RFP No. 82.

[2] Pursuant to this Court's Order regarding the discovery of electronically stored information, docket no. 113, a search that returns over 5,000 unique documents is presumed to be overbroad. Order at C.2.a.iii (docket no. 113 at 4).  If REX's Proposed Search 15 returns more than 5,000

MINUTE ORDER - 1

   (2) The motion to compel additional Federal Rule of Civil Procedure 30(b)(6) testimony, docket no. 201, filed by defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC (collectively the "Zillow Defendants") is DENIED.  The Zillow Defendants seek an order directing REX to provide the Zillow Defendants with two additional hours of Rule 30(b)(6) testimony regarding REX's document preservation efforts, with those additional hours not counting against the Zillow Defendants' seven-hour time limit.[3]  On November 15, 2022, the Zillow Defendants deposed REX's Rule 30(b)(6) designee, Will Soung, regarding REX's document preservation efforts.  REX produced Soung for the November 15, 2022, deposition and agreed that Soung's two hours of testimony would not count against the Zillow Defendants' time limit.  The Zillow Defendants now argue that Soung was unprepared for the deposition because he was unable to answer some of the Zillow Defendants' questions.  Having reviewed the transcript of the deposition, Ex. A to Ungaro Decl. (docket no. 218), the Court concludes that Soung was adequately prepared to testify on each of the noticed topics.  The Zillow Defendants take issue with the fact that Soung answered some questions by explaining that Michael Toth, REX's general counsel, was a better source for certain information (such as whether Toth conducted exit interviews with particular employees).  "Absolute perfection in preparation," however, is not required.  *See Allstate Indem. Co. v. Lindquist*, No. C20-1508, 2022 WL 796314, at *3 (W.D. Wash. Mar. 16, 2022) (citation omitted).  The Zillow Defendants have not shown good cause for an additional two hours of deposition testimony, with those additional hours not counting against the traditional time limit.

   (3) NAR's motion to compel REX to produce "improperly withheld documents and information," docket no. 228, is GRANTED in part and DENIED in part.[4]

    a. The motion is GRANTED as it relates to documents concerning Andy Barkett's and Mike Drath's[5] allegations that REX's co-founder and CEO Jack Ryan made misrepresentations about REX's business to investors, and REX is ORDERED to produce within seven (7) days of this Minute Order, if it has not already done so, the findings of law firm Bergeson, LLP presented to REX's full Board of Directors, all related documents and reports, and unredacted versions of

---

unique documents, the parties are DIRECTED to meet and confer and reach agreement on a revised search that will generate fewer than 5,000 unique documents.

[3] The Court previously denied a similar request made by the Zillow Defendants.  *See* Minute Order (docket no. 158).

[4] The Zillow Defendants join NAR's motion to compel.  *See* Notice (docket no. 230).

[5] Barkett previously served as REX's Chief Technology Officer and Drath previously served as REX's Chief Financial Officer.

MINUTE ORDER - 2

the Board of Directors meeting minutes attached as Exhibits N and O to the Declaration of Peter Benson, docket nos. 226-14 and 226-15.  REX argues that this portion of NAR's motion is moot because REX has withdrawn its claim of privilege as to documents regarding Barkett's allegations.  REX's response, however, does not address whether it has agreed to produce any documents related to Drath's allegations, which are also the subject of the present motion.

    b.  The motion is DENIED as it relates to REX's consultant's preliminary damage analysis.  On November 15, 2021, Lynley Sides, REX's co-founder, President, and COO, sent an email to Joe Agiato of Patent Insurance Underwriting Services ("PIUS"), John Bennett of Mt. Vernon Capital, LLC, and the yahoo.com email address for an individual named Brendan Fry to secure financing for REX.  *See* Ex. U to Benson Decl. (docket no. 229-9).  Attached to Sides's email were multiple documents addressing REX's "options for pay-back of debt."  *Id.*  One of the attachments referenced this litigation, and explained that a "consultant estimates damages [in this action] exceeding $100 million."  Ex. V to Benson Decl. (docket no. 229-10).  REX did not disclose to Agiato, Bennett, or Fry a copy the consultant's analysis or supporting materials, only a general statement describing the consultant's damage estimate.  Based on this disclosure, NAR argues that REX must produce its consultant's damage analysis.  In contrast, REX contends that the consultant's damage analysis was prepared after this litigation commenced and is protected by the work-product privilege, which protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation."  *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020) (citation omitted).  NAR, however, asserts that REX has waived any claim of work-product privilege by disclosing the consultant's estimate to third parties.  The Ninth Circuit has held that "disclosure of work product to a third party does not waive the protection unless such disclosure is made to an adversary in litigation or 'has substantially increased the opportunities for potential adversaries to obtain the information.'"  *Id.* at 1121 (quoting 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2024 (3d ed. 2020)); *see also United States v. Deloitte LLP*, 610 F.3d 129, 140 (D.C. Cir. 2010) ("[T]he voluntary disclosure of attorney work product to an adversary or a conduit to an adversary waives work-product protection for that material.").  In this case, the Court concludes that REX has not waived work-product privilege with respect to its consultant's damage analysis because it did not disclose the analysis to an adversary or a conduit to an adversary, and has not increased the opportunity for potential adversaries to obtain the information.

  (4)  The Clerk is directed to send a copy of this Minute Order to all counsel of record.

MINUTE ORDER - 3

Dated this 1st day of February, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk
