THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

REX - REAL ESTATE EXCHANGE, INC.,

    Plaintiff,

v.

ZILLOW, INC., et al.,

    Defendants.

Case No. 2:21-CV-00312-TSZ

ZILLOW DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO VACATE THE DEPOSITION OF RICH BARTON

NOTE ON MOTION CALENDAR: May 5, 2023

ZILLOW DEFENDANTS' MOTION FOR PROTECTIVE ORDER:
2:21-CV-00312-TSZ

i

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

## Table of Contents

I. CERTIFICATION OF MEET AND CONFER ................................................................. 1

II. INTRODUCTION AND RELIEF REQUESTED ........................................................... 1

III. FACTUAL BACKGROUND ............................................................................................. 2

    A. Plaintiff Served a Deposition Notice for Zillow CEO Richard Barton Seeking Information Regarding Zillow's Decision to Proceed with Project Bookshelf and to Join Various MLSs. ................................................................. 2

    B. Zillow Defendants Served an Interrogatory Response Regarding Zillow's Decision to Proceed with Project Bookshelf and to Join Various MLSs. ................................................................................................................. 2

    C. Plaintiff Identified Nine Documents to Justify Deposing Mr. Barton. ............... 3

    D. Depositions of Mr. Beardsley and Mr. Samuelson, Both of Whom Were Integrally Involved in Project Bookshelf, Have Not Been Completed. .............. 4

    E. Plaintiff Continued to Pursue Apex Deposition. .................................................. 4

IV. ARGUMENT .................................................................................................................... 5

    A. This Court Has the Authority to Issue a Protective Order Preventing the Deposition of an Apex Official. ......................................................................... 5

    B. The Apex Deposition of CEO Richard Barton is Not Proper. ........................... 6

        1. Mr. Barton Does Not Have Unique, Non-Repetitive, Firsthand Knowledge Relevant to this Case. .................................................................... 6

        2. Plaintiff Cannot Show that Less Intrusive Means of Discovery, Such as Depositions of Other Employees, Have Been Exhausted Without Success. .................................................................................................. 9

V. CONCLUSION ................................................................................................................. 10

ZILLOW DEFENDANTS' MOTION
FOR PROTECTIVE ORDER:
2:21-CV-00312-TSZ

ii

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

# Table of Authorities

Page(s)

**Cases**

*In re Apple iPhone Antitrust Litigation*,
    No. 11-CV-06714 YGR-TSH, 2021 WL 485709 (N.D. Cal. Jan. 26, 2021) ........................8

*Celerity, Inc. v. Ultra Clean Holding, Inc.*,
    No. C05-4374 MMS (JL), 2007 WL 205067 (N.D. Cal. Jan. 25, 2007) ..............................9

*Doble v. Mega Life & Health Ins. Co.*,
    No. C 09-1611 CRB (JL), 2010 WL 1998904 (N.D. Cal. May 18, 2010) ............................6

*In re Google Litig.*,
    No. C08-03172 RMW (PSG), 2011 WL 4985279 (N.D. Cal. Oct. 19, 2011) ......................9

*Kelley v. Microsoft Corp.*,
    No. C07-0475MJP, 2008 WL 5000278 (W.D. Wash. Nov. 21, 2008) ................................9

*In re Packaged Seafood Prods. Antitrust Litig.*,
    No. 15-MD-2670-JLS-MDD, 2018 WL 4205038 (S.D. Cal. Sept. 4, 2018) ....................5, 7

*Robinett v. Opus Bank*,
    No. C12-1755MJP, 2013 WL 5850873 (W.D. Wash. Oct. 30, 2013) ..............................5, 6

*Rookaird v. BNSF Ry. Co.*,
    No. C14-176RSL, 2015 WL 11233096 (W.D. Wash. July 8, 2015) ....................................5

*Sargent v. City of Seattle*,
    No. C12-1232 TSZ, 2013 WL 1898213 (W.D. Wash. May 7, 2013) ..................................5

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. M 07-1827 SI, 2011 WL 10967617 (N.D. Cal. Aug. 1, 2011) ......................................6

**Other Authorities**

Local Civil Rule 26(c)(1) ...................................................................................................................1

ZILLOW DEFENDANTS' MOTION
FOR PROTECTIVE ORDER:
2:21-CV-00312-TSZ

iii

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

I.  **CERTIFICATION OF MEET AND CONFER**

Pursuant to Local Civil Rule 26(c)(1), Zillow Defendants certify that they have met and conferred in good faith and are not able to resolve this dispute. Counsel for Zillow Defendants, Russ Cohen, Laura Najemy, and Jesse Beringer, met and conferred telephonically with counsel for Plaintiff, Carl Goldfarb and Ursula Ungaro, on March 21, March 27, April 11, and April 18, 2023.

II. **INTRODUCTION AND RELIEF REQUESTED**

The apex doctrine is designed to protect against precisely the tactics that Plaintiff REX–Real Estate Exchange Inc. ("Plaintiff" or "REX") is attempting to engage in here—abusing the discovery process to attempt to reach an apex official that has no unique, non-duplicative, firsthand knowledge of the facts at issue in this case without first exhausting any and all less intrusive means of getting the information it purports to seek. In particular, Plaintiff seeks to depose Zillow Group Inc.'s ("Zillow") CEO, Richard Barton, to obtain information about Project Bookshelf (*i.e.*, Zillow's decision to obtain listings data through internet data exchange ("IDX") feeds, and to join various MLSs). Plaintiff has not made the requisite showing to justify deposing an apex official like Mr. Barton, warranting an order from this Court granting the motion.

This is no academic objection. As Zillow has explained repeatedly, in interrogatory responses and multiple meet-and-confers, Mr. Barton has ***no unique, non-duplicative personal knowledge*** about Project Bookshelf. The Project began before Mr. Barton was CEO, and Plaintiff already is scheduled, within the next two weeks, to depose two other high-level Zillow employees who were directly involved in that Project. These other witnesses have far greater knowledge of Project Bookshelf than Mr. Barton, rendering a deposition of Mr. Barton entirely unnecessary. Indeed, the fact that Plaintiff has failed to comply with even the most basic requirement for justifying a deposition of an apex witness—making sure that deposition is truly necessary, by first exhausting all the less intrusive ways to gain the information sought—alone warrants granting this motion. Plaintiff simply has no basis to claim that these depositions will

ZILLOW DEFENDANTS' MOTION
FOR PROTECTIVE ORDER
2:21-CV-00312-TSZ

1

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

not eliminate the need for Mr. Barton's deposition altogether, and Mr. Barton's deposition should thus be vacated.

Accordingly, Zillow Defendants respectfully request that this Court enter a protective order prohibiting Plaintiff from taking Mr. Barton's deposition.

## III. FACTUAL BACKGROUND

### A. Plaintiff Served a Deposition Notice for Zillow CEO Richard Barton Seeking Information Regarding Zillow's Decision to Proceed with Project Bookshelf and to Join Various MLSs.

On March 9, 2023, Plaintiff served a notice of videotaped deposition for Rich Barton for May 1, 2023. Declaration of Russell Cohen ("Cohen Decl.") ¶ 2. The parties first met and conferred on March 21, 2023, during which Zillow Defendants informed Plaintiff that Mr. Barton is the CEO and does not have any material involvement in the issues of this case. Cohen Decl. ¶ 3. In response, Plaintiff claims it has observed Mr. Barton's name on Board documents, some of which mention Project Bookshelf, and argued that because Project Bookshelf was "important" for Zillow, Mr. Barton was an appropriate witness by virtue of his presence on these high-level summaries. Cohen Decl. ¶ 3.

Project Bookshelf, which began in 2018, involved various Zillow stakeholders, including Errol Samuelson (Chief Industry Development Officer) and Curt Beardsley (Vice President of Industry Development, Industry Data Support & Operations). Cohen Decl. ¶¶ 5, 8. Both Mr. Samuelson and Mr. Beardsley—whose depositions are currently scheduled for April 27 and May 4, respectively—were integrally involved in leading Zillow's efforts relating to Project Bookshelf. Cohen Decl. ¶ 8. In fact, Mr. Samuelson already has submitted a declaration in this case (in connection with Zillow's opposition to REX's motion for a preliminary injunction (Dkt. No. 61)) regarding Zillow's switch to IDX feeds, and was deposed earlier in this matter as a 30(b)(6) representative of Zillow on these very issues.

### B. Zillow Defendants Served an Interrogatory Response Regarding Zillow's Decision to Proceed with Project Bookshelf and to Join Various MLSs.

Counsel for Zillow suggested that the parties continue the meet and confer process regarding the appropriateness of Mr. Barton's deposition following the Zillow Defendants'

ZILLOW DEFENDANTS' MOTION
FOR PROTECTIVE ORDER:
2:21-CV-00312-TSZ

2

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

response to Plaintiff's Interrogatory No. 21, which was due later that week on March 23, 2023. Cohen Decl. ¶ 3. Interrogatory No. 21 asked the Zillow Defendants to "[d]escribe in detail who made the decision to proceed with Project Bookshelf, to join NAR, and to join various MLSs, and explain when those decisions were made and if those decisions were not made by Zillow's Board of Directors, explain why they were not made by the Board of Directors." Cohen Decl. ¶ 4.

The Zillow Defendants' March 23, 2023 response, which was supplemented on April 6, 2023, after another meet and confer, makes clear that there was no specific, discrete, express, or singularly identifiable decision to proceed with Project Bookshelf, to join NAR, and to join various MLSs. Cohen Decl. ¶ 5. Instead, as previously disclosed in its Interrogatory responses, Zillow had considered for many years switching to IDX feeds and began pursuing this effort again in earnest in October 2018. Cohen Decl. ¶ 5. The Zillow Defendants also listed 12 individuals that comprised the key group of leaders that provided input into the go-forward decision for Project Bookshelf, including Curt Beardsley and Errol Samuelson, and detailed how the Board was kept apprised of the decision and related efforts. Cohen Decl. ¶ 5. Finally, the Zillow Defendants acknowledged in their Interrogatory responses that Mr. Barton provided input and supported the decision to proceed with Project Bookshelf, as outlined and spearheaded by those 12 individuals. Cohen Decl. ¶ 5. Notably, the Zillow Defendants' Interrogatory responses do not indicate or suggest that Mr. Barton has or had any *unique* knowledge relating to the go-forward decision for Project Bookshelf or any other aspect of Project Bookshelf, and, in fact, he was not an explicit or exclusive decision maker for the Project.

### C. Plaintiff Identified Nine Documents to Justify Deposing Mr. Barton.

On March 24, 2023, Plaintiff identified a set of nine documents "involving Mr. Barton" that it contended justified deposing him. Cohen Decl. ¶ 6. These documents consist of memoranda to the Board of Directors, minutes from a Board of Directors meeting, and an agenda for a Board of Directors meeting. Cohen Decl. ¶ 6. As CEO, Mr. Barton regularly compiled high-level summaries to be included in memoranda to the Board of Directors regarding various

ZILLOW DEFENDANTS' MOTION
FOR PROTECTIVE ORDER:
2:21-CV-00312-TSZ

3

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

issues of interest, including Project Bookshelf. Cohen Decl. ¶ 6. Plaintiff contends that Mr. Barton's involvement in communicating this limited, high-level, summary information to the Board is a sufficient basis for his deposition. Cohen Decl. ¶ 6. Yet, Plaintiff has not identified any documents beyond these ***summary materials*** that would suggest that Mr. Barton has or had any ***unique*** knowledge regarding Project Bookshelf that he shared with the Board.

### D. Depositions of Mr. Beardsley and Mr. Samuelson, Both of Whom Were Integrally Involved in Project Bookshelf, Have Not Been Completed.

On April 11, 2023, the parties met and conferred again. During this meet and confer, Counsel for Plaintiff and the Zillow Defendants discussed the upcoming depositions of Zillow's Chief Industry Development Officer, Errol Samuelson, and Vice President of Industry Development, Curt Beardsley. Cohen Decl. ¶ 8. These depositions are scheduled to take place on April 27 and May 4, 2023, respectively. Cohen Decl. ¶ 8. Since both Mr. Samuelson and Mr. Beardsley were integrally involved with Project Bookshelf, as disclosed in the Zillow Defendants' response to Interrogatory No. 21, and as evident from the documents produced by the Zillow Defendants, Counsel for Zillow explained that it did not make sense to consider scheduling Mr. Barton's deposition. Cohen Decl. ¶ 8. Indeed, Zillow expects that the depositions of Mr. Samuelson and Mr. Beardsley will render a deposition of Mr. Barton entirely unnecessary.

### E. Plaintiff Continued to Pursue Apex Deposition.

On April 14, 2023, Counsel for Plaintiff emailed Counsel for the Zillow Defendants to provide an additional basis to depose Mr. Barton. *See* Cohen Decl. ¶ 9. Plaintiff now argues that Mr. Barton was brought in as CEO in February 2019 to preside over an allegedly massive change in Zillow's business strategy to buy homes and originate mortgages (*i.e.*, Zillow Offers). Cohen Decl. ¶ 9. Additionally, Plaintiff continues to argue that Mr. Barton was also CEO during the time in which Zillow began to gain access to IDX feeds and changed its display of search results for real estate listings. Cohen Decl. ¶ 9. According to Plaintiff, Mr. Barton, by virtue of his time in the role of CEO, has a unique perspective on why Zillow made the choices and

ZILLOW DEFENDANTS' MOTION
FOR PROTECTIVE ORDER:
2:21-CV-00312-TSZ

4

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

tradeoffs it did and why it took the risks it did, and reported such perspective to Zillow's Board. Cohen Decl. ¶ 9.

## IV. ARGUMENT

This Court has the authority to limit Plaintiff's ability to depose an official at the highest levels of corporate management unless Plaintiff can establish (1) that the official has unique, non-duplicative, firsthand knowledge of the relevant facts at issue in this case, and (2) that Plaintiff has exhausted less intrusive means of discovery. There can be no dispute that Mr. Barton, as the CEO of Zillow, qualifies as an apex official. This Court should prevent his deposition as Plaintiff has not—and cannot—meet either requirement for deposing him.

### A. This Court Has the Authority to Issue a Protective Order Preventing the Deposition of an Apex Official.

A court may issue a protective order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." *Sargent v. City of Seattle*, No. C12-1232 TSZ, 2013 WL 1898213, at *1 (W.D. Wash. May 7, 2013). As relevant here, "[v]irtually every court that has addressed deposition notices directed at an official at the highest level or apex[] of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *Robinett v. Opus Bank*, No. C12-1755MJP, 2013 WL 5850873, at *5 (W.D. Wash. Oct. 30, 2013). Thus, "[i]n order to curb the potential for abuse, a party seeking an 'apex deposition' must establish that the executive

> [1] has unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and
>
> [2] that other less intrusive means of discovery such as interrogatories and depositions of other employees, have been exhausted without success."

*Id.* Courts regularly refuse to permit apex depositions where a party fails to make this showing. *See Rookaird v. BNSF Ry. Co.*, No. C14-176RSL, 2015 WL 11233096, at *2 (W.D. Wash. July 8, 2015) (denying apex deposition where "plaintiff's questions … are more likely to simply embarrass this witness than yield unique and relevant information"); *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-MD-2670-JLS-MDD, 2018 WL 4205038, at *2 (S.D. Cal. Sept. 4, 2018) (denying apex deposition where "not convinced … that [the witness] has unique,

ZILLOW DEFENDANTS' MOTION
FOR PROTECTIVE ORDER: 5
2:21-CV-00312-TSZ

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

personal information" even if plaintiff had "exhausted less intrusive means"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 10967617, at *2 (N.D. Cal. Aug. 1, 2011) (denying depositions of CEO and Chairman where plaintiffs failed to establish that either had unique knowledge of price fixing conspiracy).

### B. The Apex Deposition of CEO Richard Barton is Not Proper.

Plaintiff's attempt to justify the deposition of CEO Richard Barton fails at both steps of the inquiry. It cannot point to any unique, non-repetitive, firsthand knowledge that Mr. Barton possesses with respect to any of the facts at issue at this case. § IV.B.1. Nor can Plaintiff possibly claim that it has exhausted all less intrusive means of obtaining any knowledge it claims Mr. Barton does have. § IV.B.2.

#### 1. *Mr. Barton Does Not Have Unique, Non-Repetitive, Firsthand Knowledge Relevant to this Case.*

Plaintiff has claimed that it is necessary to depose Mr. Barton due to his knowledge of (1) Project Bookshelf and (2) the Zillow Offers program. Neither justifies his deposition here.

**a. Project Bookshelf.** In contending that Mr. Barton has relevant knowledge of Project Bookshelf, Plaintiff has focused on Mr. Barton's general awareness and support of Project Bookshelf, including by providing high-level summaries of that Project to the Board of Directors.

But it is unremarkable for a CEO to engage in conduct like this, and the caselaw reflects that awareness and information sharing of the kind seen here does not mean that the CEO has unique knowledge warranting his deposition. *See, e.g.*, *Doble v. Mega Life & Health Ins. Co.*, No. C 09-1611 CRB (JL), 2010 WL 1998904, at *3 (N.D. Cal. May 18, 2010) (holding CEO's emails regarding decision at best showed "pure high-level management, and not the type of hands-on action which demonstrates the unique personal knowledge required to compel a deposition of a CEO"); *Robinett*, 2013 WL 5850873, at *6 ("[c]ase law abounds with opinions which stand for the proposition that the 'mere fact that [a CEO] made public statements, even on issues that [the plaintiff] considers relevant to its claims, are (sic) insufficient to justify his deposition.'") (first alteration in original) (internal quotation marks omitted).

ZILLOW DEFENDANTS' MOTION
FOR PROTECTIVE ORDER:
2:21-CV-00312-TSZ

6

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

In fact, the record reflects that Mr. Barton's involvement with Project Bookshelf is more attenuated than Plaintiff would claim. *First*, Bookshelf was commenced prior to Mr. Barton becoming CEO in 2019. *See* Cohen Decl. ¶¶ 5, 9. *Second*, the Bookshelf effort was not the product of an express or exclusive decision from Mr. Barton. Cohen Decl. ¶ 5. *Third*, Mr. Barton's communications with the Board at best show that he simply compiled information to keep the Board apprised. Cohen Decl. ¶ 6. There is no indication that Mr. Barton was exclusively involved in any decision with respect to proceeding with Project Bookshelf and the switch to IDX feeds.

Even accepting Plaintiff's position that Mr. Barton played an active role with respect to Project Bookshelf, Plaintiff still cannot claim that any knowledge he has about that Project is ***unique*** to him. There is no indication that any information about Project Bookshelf and the switch to IDX feeds that was communicated to the Board was not already known to other employees who were more intimately involved in Project Bookshelf. Plaintiff should recognize as much, as it already has scheduled depositions of two people with far more detailed knowledge of Project Bookshelf than Mr. Barton—Mr. Samuelson and Mr. Beardsley. Both were among the 12 individuals Zillow identified, in response to Interrogatory No. 21, as comprising the key group of leaders that provided input into the efforts to proceed with Project Bookshelf. Mr. Barton's role with respect to Project Bookshelf, by contrast, was merely supporting efforts ***outlined and spearheaded by those 12 individuals***. Cohen Decl. ¶ 5. Accordingly, any testimony Mr. Barton would give with respect to that Project "likely would be cumulative and not unique." *Packaged Seafood Prods. Antitrust Litig.*, 2018 WL 4205038, at *2.

**b. Zillow Offers.** Without a basis to establish that Mr. Barton has non-duplicative, unique personal knowledge about Project Bookshelf, Plaintiff more recently pivoted to say that Mr. Barton was extensively involved with Zillow's business decision to begin buying homes and originating mortgages (Zillow Offers). *See* Cohen Decl. ¶ 9.

Even if Mr. Barton has unique, non-duplicative personal knowledge about some aspects of Zillow Offers, that still would not justify his deposition, because Zillow Offers is, at best,

ZILLOW DEFENDANTS' MOTION
FOR PROTECTIVE ORDER: 7
2:21-CV-00312-TSZ

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

peripheral to this case. To the extent Zillow Offers is relevant to this case at all, it is only with respect to how Zillow Offers may have provided some further rationale for proceeding with Project Bookshelf beginning in 2018, again at a time when Mr. Barton was not CEO. Plaintiff's claims in this action focus almost entirely on the change to Zillow's website display that resulted from Project Bookshelf (*e.g.*, Dkt. No. 99, Amended Compl., ¶¶ 135-36, 145-50, 168-78, 197-201, 203-16). Indeed, Zillow Offers, a business that Zillow decided to wind down in November 2021, is ***referred to in just a single paragraph in the Amended Complaint*** (Dkt. No. 99, Amended Compl., ¶ 57). While one of the various rationales for Zillow becoming a brokerage and joining local MLSs was the expansion of Zillow Offers (*see* Dkt. No. 61, Decl. of Errol Samuelson, ¶¶ 51-52), that does not mean this case is about Zillow Offers or that everything related to Zillow Offers must be relevant to this case. Plaintiff's attempt to explore Zillow Offers—in a way untethered from the Project Bookshelf-based claims it has raised—is just the latest in a series of attempts by Plaintiff to impermissibly broaden its claims beyond its complaint and further evidences that it is seeking Mr. Barton's deposition to abuse the discovery process. Plaintiff should not be allowed to use so narrow a foothold to manufacture a deposition of an apex witness.[1]

To that end, Plaintiff has not established that Mr. Barton has any unique knowledge with respect to the way Zillow Offers relates to the Project Bookshelf-based claims at issue in this case. As Mr. Samuelson's earlier declaration indicates (*see* Dkt. No. 61, Decl. of Errol Samuelson, ¶¶ 51-52), Mr. Barton is not the only witness with knowledge about Zillow Offers. Most critically, the declaration indicates that Mr. Samuelson has knowledge of the ways in which Zillow Offers might have been relevant to Project Bookshelf (Dkt. No. 61, Decl. of Errol Samuelson, ¶¶ 51-52).

In short, Plaintiff has not established that Mr. Barton has any knowledge relevant to this case that is truly unique. His deposition should be prevented for this reason alone.

---

[1] The attenuated role that Zillow Offers plays here distinguishes this case from *In re Apple iPhone Antitrust Litigation*, No. 11-CV-06714 YGR-TSH, 2021 WL 485709, at *3 (N.D. Cal. Jan. 26, 2021), where the claim "embrace[d] ***much*** of Apple's business model," and not just a narrow part of it. *See id.* (emphasis added).

ZILLOW DEFENDANTS' MOTION
FOR PROTECTIVE ORDER:
2:21-CV-00312-TSZ

8

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

### 2. *Plaintiff Cannot Show that Less Intrusive Means of Discovery, Such as Depositions of Other Employees, Have Been Exhausted Without Success.*

Plaintiff's attempt to depose Mr. Barton must fail for yet a second reason: It has not established that it has exhausted all less intrusive means of discovery.

Plaintiff already has noticed but not yet taken the depositions of Mr. Samuelson and Mr. Beardsley, the very same witnesses that render Mr. Barton's knowledge non-unique and duplicative. Again, as explained above, both Mr. Samuelson and Mr. Beardsley were integrally involved in Project Bookshelf, including the decision to switch to IDX feeds and make the display change on Zillow's website. As a result, Plaintiff must exhaust those avenues of discovery before seeking an apex deposition. *See Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C05-4374 MMS (JL), 2007 WL 205067, at *5 (N.D. Cal. Jan. 25, 2007) (holding defendant could only depose Celerity CEO Murphy and Executive Chairman of the Board Shimmon after it had made "a good faith effort to extract the information it seeks from interrogatories and depositions of lower-level Celerity employees"); *see also Kelley v. Microsoft Corp.*, No. C07-0475MJP, 2008 WL 5000278 (W.D. Wash. Nov. 21, 2008) (in allowing proposed apex deposition to proceed, observing that "[p]laintiffs here have completed depositions of lower level officers" and completed other discovery in addition to showing that CEO had relevant, unique personal knowledge).

Scheduling Mr. Barton's deposition now, under the assumption that Plaintiff will not obtain the information it seeks from Mr. Samuelson or Mr. Beardsley, is neither proper nor warranted. Plaintiff must first make a ***good faith*** effort to obtain the information it seeks through less intrusive means of discovery (*i.e.*, from Mr. Samuelson's and Mr. Beardsley's already scheduled depositions). *See Celerity*, 2007 WL 205067, at *5 (exhaustion requirement not met merely by scheduling those depositions after the depositions of lower-level employees, and it would not be proper for defendant to take "half-hearted depositions of lower-level employees in order to set up an opportunity" to take the proposed apex depositions); *In re Google Litig.*, No. C08-03172 RMW (PSG), 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011) (granting apex

ZILLOW DEFENDANTS' MOTION
FOR PROTECTIVE ORDER: 9
2:21-CV-00312-TSZ

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

deposition of CEO to proceed, but prohibiting apex deposition of President; holding that if after taking the deposition of the CEO Plaintiff could identify topics that only the President could address it could then file an appropriate motion). Given that these depositions are already scheduled, but not yet complete, Plaintiff cannot meet its threshold burden here to demonstrate that the discovery it seeks is not available through less onerous means.

## V. CONCLUSION

Plaintiff has not shown, nor can it show, that Mr. Barton possesses any unique, non-duplicative personal knowledge regarding the facts at issue in this case—namely, those facts relating to Project Bookshelf—that could justify its request for his deposition. Indeed, any purported need for Mr. Barton's deposition will be mooted once Plaintiff meets its requirement of exhausting all less intrusive ways to gain the information sought, *i.e*, through the depositions of Mr. Samuelson and Mr. Beardsley in the next two weeks, as both have integral and intimate first-hand knowledge of the issues in this case.

For all of the reasons set forth above, the Zillow Defendants respectfully request that this Court enter a protective order prohibiting Plaintiff from taking Mr. Barton's deposition.

**CERTIFICATION**:

I certify that this memorandum contains 3,498 words, in compliance with the Local Civil Rules.

Respectfully submitted this 21st day of April 2023.

ZILLOW DEFENDANTS' MOTION
FOR PROTECTIVE ORDER:
2:21-CV-00312-TSZ

10

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

| | | | |
|---|---|---|---|
| 1 | Dated: April 21, 2023 | By: | */s/ Aravind Swaminathan* |
| 2 | | | */s/ Nicole Tadano* |
| | | | */s/ John "Jay" Jurata, Jr.* |
| 3 | | | */s/ Russell P. Cohen* |
| | | | */s/ Naomi J. Scotten* |
| 4 | | | */s/ Laura Najemy* |

ORRICK, HERRINGTON & SUTCLIFFE LLP
Aravind Swaminathan (WSBA No. 33883)
aswaminathan@orrick.com
Nicole Tadano (WSBA No. 40531)
ntadano@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: 206-839-4300
Facsimile: 206-839-4301

Naomi J. Scotten (Admitted *Pro Hac Vice*)
nscotten@orrick.com
51 West 52nd Street
New York, NY 20005
Telephone: 212-506-5000

Laura Najemy (Admitted *Pro Hac Vice*)
lnajemy@orrick.com
222 Berkeley Street
Suite 2000
Boston, MA 02116
Telephone: 617-880-1800

Paul Stancil (Admitted *Pro Hac Vice*)
pstancil@orrick.com
609 Main Street
40th Floor
Houston, TX 77002
Telephone: 713-658-6446

DECHERT LLP
John "Jay" Jurata, Jr. (Admitted *Pro Hac Vice*)
jay.jurata@dechert.com
1900 K Street, N.W.
Washington, DC 20006
Telephone: 202-261-3440

Russell P. Cohen (Admitted *Pro Hac Vice*)
russ.cohen@dechert.com
One Bush Street, Suite 1600
San Francisco, CA 94104
Telephone: 415-262-4506

***Attorneys for Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC***

ZILLOW DEFENDANTS' MOTION
FOR PROTECTIVE ORDER:
2:21-CV-00312-TSZ

11

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300