UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REX – REAL ESTATE EXCHANGE, INC.,

            Plaintiff,

   v.

ZILLOW, INC., et al.,

            Defendants.

C21-0312 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    The following motions to exclude expert testimony brought by plaintiff REX – Real Estate Exchange, Inc. ("REX") are DENIED:

    a.    REX's motions to exclude the testimony of Dr. Jeffrey Prince, docket no. 344, and Dr. Steven Tadelis, docket no. 360, are DENIED. Defendant National Association of REALTORS® ("NAR") retained Dr. Prince as its antitrust rebuttal expert in this action. Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC (collectively "Zillow") retained Dr. Tadelis as their antitrust rebuttal expert. Dr. Prince and Dr. Tadelis were tasked with rebutting certain opinions of REX's antitrust expert, Dr. David Evans. *See generally* Prince Report, Ex. 10 to Goldfarb Decl. (docket no. 344-2); Tadelis Report, Ex. 11 to Goldfarb Decl. (docket no. 360-11). The Court concludes that all of REX's challenges go the weight of Dr. Prince's and Dr. Tadelis's testimony, not the admissibility. *See City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) ("Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge."). Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if" (i) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," (ii) "the testimony is based on sufficient facts or data,"

MINUTE ORDER - 1

(iii) "the testimony is the product of reliable principles and methods," and (iv) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(a)–(d).  The rules of evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).  In determining whether expert testimony is reliable, a court may consider certain factors, such as testing, peer review, error rates, and acceptability in the relevant scientific community.  *Id.* at 593–94.  REX challenges Dr. Prince's and Dr. Tadelis's testimony regarding REX's status as an alleged "disruptor" in the real estate industry, their criticism of Dr. Evan's opinion that real estate commissions in the United States are supracompetitive, and their belief that Dr. Evans's regression analyses are flawed.  Specifically, REX contends that the Court must exclude Dr. Prince's "placebo" exercise because it is not statistically significant at the 5% level.  The Ninth Circuit, however, does not premise the admissibility of an expert's testimony solely on the statistical significance of the expert's model.  *See In re Tesla, Inc. Sec. Litig.*, No. 18-cv-04865, 2022 WL 7374936, at *13 (N.D. Cal. Oct. 13, 2022).  Instead, "so long as the evidence is relevant and the methods employed are sound, neither the usefulness nor the strength of statistical proof determines admissibility under Rule 702."  *Id.* (quoting *Obrey v. Johnson*, 400 F.3d 691, 696 (9th Cir. 2005)).  REX also challenges certain regression analyses performed by Dr. Prince and Dr. Tadelis to critique Dr. Evans's model, and accuses the witnesses of violating sound economic principles.  Importantly, REX does not criticize their use of regression analysis in general.  Rather, REX challenges "the specifics of the analysis" that each witness performed.  *See Celador Int'l, Ltd. v. Walt Disney Co.*, No. CV 04-3541, 2008 WL 11342595, at *11 (C.D. Cal. Dec. 17, 2008), *report and recommendation adopted*, 2009 WL 10675217 (C.D. Cal. Feb 13, 2009).  The Court may not, however, "pick between dueling experts in pretrial motions and allow only one party's expert to testify at trial."  *See id.*  The Court concludes that Dr. Prince and Dr. Tadelis are well qualified to provide the opinions contained in their respective rebuttal reports, and any purported flaws in their opinions and analyses must be addressed at trial.

      b.     REX's motions to exclude the testimony of Dr. Jeffrey Stec, docket no. 351, and Mr. Michael Kennelly, docket no. 356, are DENIED.  NAR retained Dr. Stec and Zillow retained Mr. Kennelly as damage rebuttal experts in this action.  Dr. Stec and Mr. Kennelly were tasked with rebutting certain of Dr. Evans's opinions regarding REX's alleged damages.  *See generally* Stec Report, Ex. 8 to Goldfarb Decl. (docket no. 351-8); Kennelly Report, Ex. 3 to Goldfarb Decl. (docket no. 356-3).  With respect to Dr. Stec, REX challenges his characterization that pageviews of REX's listings did not decrease "substantially."  REX ignores, however, that Dr. Stec does not offer an opinion on the number of pageviews of REX's listings; rather, Dr. Stec opines on other potential causes of REX's failure unrelated to Zillow's website display.  REX also challenges

MINUTE ORDER - 2

Dr. Stec's and Mr. Kennelly's qualifications to value digital startup businesses. The record reflects that Dr. Stec has "served as a consultant to a wide variety of clients on matters involving economic, financial, and statistical analysis and modeling for the purpose of interpreting and projecting data, evaluating the impact of business decisions, transactions, and economic events, and valuing tangible and intangible assets." Stec Report at 3. Mr. Kennelly is licensed in Illinois as a Certified Public Accountant and accredited in business valuation. Kennelly Report at ¶ 2. Despite REX's arguments to the contrary, both experts have experience valuing businesses. *See* Stec Dep. at 13:7–15:24, Ex. 2 to Goldfarb Decl. (docket no. 351-2) (explaining that he has valued between 12 and 24 businesses, including a digital startup); Kennelly Dep. at 63:10–22, Ex. 42 to Najemy Decl. (docket no. 395-9) (explaining that "[t]he principles of valuing a startup company are consistent with the principles of valuing any company"). The Court concludes that Dr. Stec and Mr. Kennelly are qualified to provide the opinions contained in their respective rebuttal reports. Any dispute over their experience valuing startup businesses must be addressed through cross-examination.

(2) Zillow's motion, docket no. 347, to exclude the testimony of Dr. Aradhna Krishna is GRANTED in part and DENIED in part. Dr. Krishna will not be allowed to support her opinion that use of the word "other" has negative consequences by discussing "othering" as it relates to discrimination or exclusion against immigrants, racial minorities, or other marginalized groups. This evidence is excluded because "the probative value of the evidence is substantially outweighed by the danger of unfair prejudice . . . or misleading the jury[.]" *United States v. Hitt*, 981 F.2d 422, 423 (9th Cir. 1992) (quoting Fed. R. Evid. 403). The motion is otherwise DENIED. Dr. Krishna will be permitted to testify on the labeling of the two tabs; these opinions are relevant to REX's false advertising, Washington Consumer Protection Act, and defamation claims. Dr. Krishna is well qualified as a marketing expert to provide opinions on these subjects. Dr. Krishna's opinions need not be based on a survey and challenges to her opinions can be adequately addressed through cross-examination. Zillow's other challenges to Dr. Krishna's opinions go to the weight of the evidence, not its admissibility.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 21st day of July, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 3