UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REX – REAL ESTATE EXCHANGE, INC.,

          Plaintiff,

v.

ZILLOW, INC., et al.,

          Defendants.

C21-0312 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion for summary judgment, docket no. 339, brought by defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC (collectively, "Zillow"), is DENIED in part and DEFERRED in part, as follows:

    (a) With regard to the claim brought by plaintiff REX – Real Estate Exchange, Inc. ("REX") under Section 43 of the Lanham Act, 15 U.S.C. § 1125, Zillow's motion for summary judgment is DENIED. Zillow contends that REX (i) cannot prove the allegedly false statements at issue were made in "commercial advertising or promotion," and (ii) cannot establish injury or damages. Zillow has not demonstrated that REX is unable to satisfy the test for commercial advertising or promotion, which requires (1) commercial speech, (2) sufficiently disseminated to the relevant purchasing public, (3) for the purpose of influencing consumers to buy goods or services. *See Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1115 (9th Cir. 2021); *see also id.* at 1120. Zillow's reliance on *Prager Univ. v. Google LLC*, 951 F.3d 991 (9th Cir. 2020), and *Newman v. Google LLC*, No. 20-CV-4011, 2021 WL 2633423 (N.D. Cal. June 25, 2021), is misplaced. Unlike in *Prager* and *Newman*, which involved "braggadocio" and "[l]ofty but vague statements" about YouTube's commitment to "fostering a community where everyone's voice can be

MINUTE ORDER - 1

heard," *see* 951 F.3d at 995 & 1000, this case does not concern protected speech or puffery.  Moreover, YouTube's challenged notice, which made no specific representation about the nature of the plaintiffs' videos, bears no resemblance to Zillow's two-tab web design and associated labels.  *See Newman*, 2021 WL 2633423, at *10 (quoting YouTube's notice as stating, "This video is unavailable with Restricted Mode enabled.  To view this video, you will need to disable Restricted Mode.").  Thus, Zillow has not shown that it is entitled to judgment as a matter of law with regard to the "commercial advertising or promotion" component of REX's Lanham Act claim.  In addition, contrary to Zillow's arguments, REX is not required to prove actual, as opposed to *likely*, injury.  *See* 15 U.S.C. § 1125(a)(1).  A Lanham Act plaintiff may prove injury by using "actual market experience and *probable* market behavior," or "by creating a chain of inferences showing how defendant's false advertising could harm plaintiff's business."  *TrafficSchool.com, Inc. v. eDriver Inc.*, 653 F.3d 820, 825 (9th Cir. 2011) (emphasis in original).  Zillow contends that REX cannot link the decline in views of its listings to the tab labels rather than the relegation of REX's listings to the secondary (non-default) tab.  In doing so, Zillow quotes out of context and/or misstates the deposition testimony of REX's expert Aradhna Krishna, Ph.D. and its co-founder Lynley Sides, and it merely raises factual disputes that preclude summary judgment.  Zillow also disregards the principle that an injury can have more than one proximate cause, and it cites no authority for the proposition that REX must allocate fault between intertwined sources of harm, namely the tab labels, the tab contents, and the tab default settings.  This legal issue or mixed question of law and fact must await further briefing and trial.  Finally, because REX has presented evidence from its expert David S. Evans, Ph.D. concerning the present value of REX's future lost profits as a measure of damages relating to REX's Lanham Act claim, *see POM Wonderful LLC v. Purely Juice, Inc.*, No. CV-07-2633, 2008 WL 4222045, at *14 (C.D. Cal. July 17, 2008) (concluding that the plaintiff was "entitled to recover lost profits on sales it would have made, but for defendants' false advertising"), and because Zillow does not dispute that REX may seek nominal damages, Zillow's motion for summary judgment on the ground that REX cannot prove damages lacks merit.

(b) With regard to REX's claim for unfair or deceptive trade practices under Washington's Consumer Protection Act ("CPA"), Zillow's motion for summary judgment is DENIED.  Zillow's primary argument is that, if REX's Lanham Act claim fails, its CPA (unfair/deceptive practice) claim also fails.  This contention is moot in light of the Court's ruling on the Lanham Act claim and incorrect under Washington law.  REX has pleaded both the "unfair" and "deceptive" prongs of a CPA violation.  A trade practice may be considered "unfair" without being "deceptive" or involving "false" advertising.  *See Rush v. Blackburn*, 190 Wn. App. 945, 963, 361 P.3d 217 (2015).  Zillow further asserts that the two-tab design and associated labels do not occur in trade or commerce,

MINUTE ORDER - 2

relying on <u>Browne v. Avvo, Inc.</u>, 525 F. Supp. 2d 1249 (W.D. Wash. 2007), which is factually distinguishable and called into doubt by <u>Panag v. Farmers Ins. Co. of Wash.</u>, 166 Wn.2d 27, 204 P.3d 885 (2009).  In <u>Panag</u>, the Washington Supreme Court undermined the reasoning of <u>Browne</u>, and held that the CPA does not require a plaintiff to be a consumer or in a business relationship with the defendant.  <u>Id.</u> at 38–41; <u>see</u> RCW 19.86.010(2) (defining "trade" and "commerce" as including "any commerce directly or indirectly affecting the people of the state of Washington").  Zillow has not demonstrated that it is entitled to judgment as a matter of law with respect to REX's CPA claim.

(c) With regard to REX's defamation claim, Zillow's motion for summary judgment is DENIED.  Zillow contends that REX's defamation claim fails as a matter of law because REX cannot prove damages.  REX represented during oral argument that it seeks only nominal damages.  Tr. (July 27, 2023) at 115:21–116:2 (docket no. 456).  Given the record in this matter, the Court cannot determine as a matter of law whether REX can prove the actual malice necessary to be entitled to nominal or presumed damages.  <u>See</u> <u>Cascade Yarns, Inc. v. Knitting Fever, Inc.</u>, No. C10-861, 2015 WL 3407882, at *7–8 (W.D. Wash. May 27, 2015).

(d) With regard to REX's antitrust claims asserted pursuant to federal and state law, Zillow's motion for summary judgment is DEFERRED.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of August, 2023.

Ravi Subramanian<br>
Clerk

s/Laurie Cuaresma<br>
Deputy Clerk

MINUTE ORDER - 3