The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

REX – REAL ESTATE EXCHANGE, INC.,

    Plaintiff,

v.

ZILLOW GROUP, INC.,

    Defendant.

Case No. 2:21-cv-00312-TSZ

PRETRIAL ORDER

PRETRIAL ORDER
2:21-CV-00312-TSZ

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

I.     BASIS FOR FEDERAL JURISDICTION ................................................................ 1
II.    CLAIMS AND DEFENSES ..................................................................................... 2
III.   ADMITTED FACTS ................................................................................................ 2
IV.    ISSUES OF LAW .................................................................................................... 5
       A.     LANHAM ACT ............................................................................................ 5
       B.     CPA (RCW 19.86.020) ................................................................................ 5
       C.     LANHAM ACT ............................................................................................ 5
       D.     CPA (RCW 19.86.020) ................................................................................ 6
V.     EXPERT WITNESSES ............................................................................................ 7
VI.    OTHER WITNESSES .............................................................................................. 7
VII.   EXHIBITS ............................................................................................................... 11
VIII.  STIPULATED PROTOCOL FOR EXCHANGE OF EXHIBIT,
       DEMONSTRATIVE, WITNESS, AND DEPOSITION DESIGNATION
       INFORMATION ..................................................................................................... 11
IX.    ACTION BY THE COURT ................................................................................... 11

## I.  BASIS FOR FEDERAL JURISDICTION

Plaintiff REX Real Estate Exchange, Inc. ("Plaintiff" or "REX") brings this action seeking damages, enhanced damages, injunctive relief,[1] costs of suit and reasonable attorney's fees under federal law, specifically against Defendants Zillow, Inc., Zillow Group, Inc.; Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC, (collectively, "Zillow") arising from Zillow's alleged violation of section 1125 of the Lanham Act and Washington Consumer Protection Act ("WCPA") 19.86.020.

This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C.§ 1337 (commerce regulation).  Plaintiff's state law claims are so related to claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.  Consequently, this Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

---

[1] Zillow maintains that this Court lacks jurisdiction to award REX injunctive relief because REX has not demonstrated it has Article III standing to seek prospective relief. Dkt. 339, at 21 n.9.

PRETRIAL ORDER
2:21-CV-00312-TSZ

1

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

## II. CLAIMS AND DEFENSES

The plaintiff will pursue at trial the following claims:

- Count II against Zillow for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125;
- Count IV against Zillow for an unfair or deceptive act or practice in violation of RCW 19.86.020 of the WCPA.

Zillow intends to pursue and substantiate the following defenses at trial:

- REX has failed to meet its burden (1) to prove the elements of its claims or (2) establish damages.
- REX failed to mitigate damages.
- Zillow had a reasonable, legitimate business justification for its actions.

## III. ADMITTED FACTS

The following facts are admitted by the parties:

1. Jack Ryan and Lynley Sides founded REX in 2015.

2. Multiple Listing Services ("MLS") receive and compile residential real estate listings in their respective territories. A listing is a compilation of data about a specific property, including its size, price, and sale status, as well as any photos, videos, or virtual tours of the property. MLSs make their listings available for electronic display to real estate agents and brokers who join an MLS and comply with its requirements.

3. The National Association of REALTORS® ("NAR") publishes an annual Handbook on Multiple Listing Policy, which contains policies, rules and model rules and bylaws, proposed by NAR committees, and adopted by the NAR's Board of Directors, that are applicable to and guide MLSs that are affiliated with NAR and their participants.

4. Some NAR rules are mandatory, whereas other rules are merely "recommended," "optional," or "informational."

5. In 2001, NAR formulated and promulgated its IDX policies and rules, which govern the electronic display of listings obtained from MLSs. "IDX" is an acronym for Internet Data Exchange.

PRETRIAL ORDER
2:21-CV-00312-TSZ

2

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

6. Model Rule 18.3.11 is an optional rule that is part of NAR's IDX policies and model rules.

7. As relevant here, Model Rule 18.3.11 states:

> Listings obtained through IDX feeds from REALTOR® Association MLSs where the MLS participant holds participatory rights must be displayed separately from listings obtained from other sources. Listings obtained from other sources (e.g. from other MLSs, from non-participating brokers, etc.) must display the source from which each such listing was obtained***
>
> **Note:** An MLS participant (or where permitted locally, an MLS subscriber) may co-mingle the listings of other brokers received in an IDX feed with listings available from other MLS IDX feeds, provided all such displays are consistent with the IDX rules, and the MLS participant (or MLS subscriber) holds participatory rights in those MLSs. As used in this policy, "co-mingling" means that consumers are able to execute a single property search of multiple IDX data feeds resulting in the display of IDX information from each of the MLSs on a single search results page; and that participants may display listings from each IDX feed on a single webpage or display.

8. Zillow's platforms (Zillow and Trulia) are used by about 63.0% of real estate app users, followed by Realtor.com, with about a 20.2% share of users, and Redfin, with about a 13.4% share.

9. In 1995, only 2% of home buyers used the internet to look for a home. Since 2015, more than 92% of home buyers have used the internet to search for homes. Today, more than 50% of homebuyers find the homes they ultimately purchase on the internet.

10. Zillow has never charged listing sources for inclusion and display of their listings on its websites.

11. Zillow earns revenue from a variety of sources, including through its Premier Agent and Premier Agent Flex programs. Zillow's Premier Agent program offers advertising services, as well as marketing and technology products and services, to help real estate agents secure leads for potential buyers. In most markets where Zillow operates the Premier Agent Flex program, Zillow provides leads to select buyer-side brokers or agents in exchange for 20% to 35% of a broker's or agent's commission if a transaction based on a lead that Zillow provided successfully closes.

12. REX employed licensed brokers and real estate agents, both paid primarily on a

PRETRIAL ORDER
2:21-CV-00312-TSZ

3

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

salaried basis, in all the states where it operated.

13. REX was a discount broker who offered consumers an opportunity to sell their homes without paying buyer-broker commissions.

14. Zillow included listings that were not posted in an MLS on its listings aggregation platform. Beginning in 2015, REX's homes for sale appeared on Zillow.

15. REX provided its listings to Zillow via a broker feed, and Zillow included REX's listings on its platform. REX also paid Zillow, at times, to participate in its Premier Agent program.

16. Zillow knew that it could protect itself from losing listings data if it secured its listings through IDX feeds, but Zillow also knew that doing so would require submitting to IDX policies and rules.

17. In September 2020, Zillow publicly announced its intention to form a brokerage and transition to IDX feeds.

18. Prior to Zillow's public announcement in September 2020, Zillow redesigned its website. Zillow ultimately created a new display for listings search results that had two tabs—one labelled "Agent listings" and the other labelled "Other listings." Zillow set the "Agent listings" tab as the default tab. Zillow also decided to make this change throughout the United States to make a better customer experience.

19. Zillow went live with its new display in early-January 2021.

20. But for the individual MLSs' adoption of the no-commingling rule, Zillow would not have implemented its new display or design. Zillow chose the website design, including the labels and default, to be used nationwide.

21. After implementing its new display, Zillow unsuccessfully petitioned NAR at least twice to replace Model Rule 18.3.11 with a mandatory rule that would require the local MLSs to permit MLS participants to commingle all listings from all sources.

PRETRIAL ORDER
2:21-CV-00312-TSZ

4

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

IV. **ISSUES OF LAW**

The following are the issues of law to be determined by the Court:

**Plaintiff's Position:**

A.  **LANHAM ACT**

1. Did Zillow's false statements in their full context appear in a commercial advertisement or promotion.

2. Did Zillow rebut the presumption that its false statements in their full context deceived or had a tendency to deceive a substantial segment of its audience.

3. Did Zillow rebut the presumption that the tab labels in their full context are material.

4. Has Plaintiff established that it suffered injury and that the tab labels in their full context were the proximate cause of that injury.

5. What is the amount of damages REX is entitled to as a result of Zillow's deception,

6. Is REX entitled to enhanced damages, attorneys fees, and/or injunctive relief.

B.  **CPA (RCW 19.86.020)**

1. Did Zillow engage in an unfair or deceptive act or practice?

2. Did that act or practice occur in the conduct of Zillow's trade or commerce?

3. Did that act or practice affect the public interest?

4. Was REX injured in either its business or its property?

5. Was Zillow's act or practice a proximate cause of REX's injury.

**Defendants' Position:**

C.  **LANHAM ACT**

1. Did Zillow's search results display tab labels constitute a commercial advertisement—that is, are the labels commercial speech by Zillow while in commercial competition with REX made for the purpose of influencing consumers to buy Zillow's goods or services that are sufficiently disseminated to the relevant purchasing public?

PRETRIAL ORDER
2:21-CV-00312-TSZ

5

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

2. Did the search results display tab labels actually deceive or have a tendency to deceive a substantial segment of the relevant purchasing public?

3. Was the deception material, in that it was likely to influence the purchasing decision?

4. Has REX been or is REX likely to be injured in the form of reduced home closings as a result of the search results display tab labels (as opposed to some independent, intervening cause)?

5. Is REX entitled to recover damages as a result of the search results display tab labels?

6. What is the amount of damages REX is entitled to, if any, as a result of the search results display tab labels?

**D.   CPA (RCW 19.86.020)**

1. Did Zillow engage in an unfair or deceptive act or practice?

2. Did that act or practice occur in trade or commerce?

3. Did that act or practice affect the public interest?

4. Was REX injured in the form of reduced home closings, and if so, is that an injury to REX's business or property?

5. Was Zillow's act or practice a proximate cause of REX's injury—that is, a cause which in direct sequence unbroken by any new independent cause produces the injury complained of and without which such injury would not have happened?

6. Did Zillow have a reasonable business justification for the challenged act or practice?

7. Is REX entitled to recover damages for this claim?

8. What is the amount of damages REX is entitled to, if any, as a result of Zillow's unfair or deceptive act or practice?

PRETRIAL ORDER
2:21-CV-00312-TSZ

6

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

V.   **EXPERT WITNESSES**

(a)   Each party shall be limited to three (3) expert witness(es) on the issues of liability and damages, and any associated rebuttal.

(b)   The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify is:

(1)   On behalf of plaintiff;

- David Evans, c/o Boies Schiller Flexner, 100 SE 2nd Street, Suite 2800, Miami, FL 33131
- David Loucks, c/o Boies Schiller Flexner, 100 SE 2nd Street, Suite 2800, Miami, FL 33131
- Aradhna Krisha, c/o Boies Schiller Flexner, 100 SE 2nd Street, Suite 2800, Miami, FL 33131

(2)   On behalf of defendant.

- Steve Tadelis; c/o Orrick, 401 Union Street, Suite 3300, Seattle, WA 98101
- Michael Kennelly; c/o Orrick, 401 Union Street, Suite 3300, Seattle, WA 98101
- Tülin Erdem; c/o Orrick, 401 Union Street, Suite 3300, Seattle, WA 98101

VI.   **OTHER WITNESSES**

(a)   On behalf of plaintiff:

- **Jack Ryan: Will Testify**.
    - Address: c/o Boies Schiller Flexner, 100 SE 2nd Street, Suite 2800, Miami, FL 33131
    - Expected testimony: Founding and history of REX, REX's business model, REX's access to capital and the capital markets, and impact of Zillow's display change on REX.
- **Lynley Sides. Will Testify**.
    - Address: c/o Boies Schiller Flexner, 100 SE 2nd Street, Suite 2800, Miami, FL 33131

PRETRIAL ORDER
2:21-CV-00312-TSZ

7

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

- Expected Testimony: Founding and history of REX, REX's business model, REX's operations, and impact of Zillow's display change on REX.
- **Phil Felice. May Testify (via Deposition Testimony).**
    - Address:  Address: c/o Boies Schiller Flexner, 100 SE 2nd Street, Suite 2800, Miami, FL 33131
    - REX's business model, REX's sales operations, and the impact of Zillow's display change on REX.  And any other topic covered in this deposition.
- **Errol Samuelson. May Testify.**
    - Address: c/o Orrick, 401 Union Street, Suite 3300, Seattle, WA 98101
    - Expected Topic:  Zillow's view of the Segregation Rule and efforts to have it rescinded, Zillow's implementation of the two-tab display, and the impact of the display on consumers.
- **Teresa Thomas.  May Testify.**
    - Address: c/o Orrick, 401 Union Street, Suite 3300, Seattle, WA 98101
    - Expected Topic:  Zillow's implementation of the two-tab display, testing of the display before and after its implementation, and the impact of the display on consumers.
- **Rich Barton. May Testify (via Deposition Testimony).**
    - Address: c/o Orrick, 401 Union Street, Suite 3300, Seattle, WA 98101.
    - Expected Topic:  Zillow's commitment to transparency, the importance of transparency to consumers, Zillow's sources of revenue and evolving business lines, Zillow's financial history and trajectory, Zillow's financial relationship to real estate industry participants.  And any other topic covered in this deposition.
- **Craig Barrett.  May Testify.**
    - Address:  Address: c/o Boies Schiller Flexner, 100 SE 2nd Street, Suite 2800, Miami, FL 33131

PRETRIAL ORDER
2:21-CV-00312-TSZ

8

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

- o Expected Testimony. What REX did to market its "value proposition," including REX's efforts to generate and track leads and conversion rates, REX's reliance on Zillow, marketing budgets, the effect of the Zillow display change, and REX's efforts to mitigate the harm from the Zillow display change, the financial impact of REX's expansion into new markets, REX's use of automation to facilitate marketing, REX's corporate culture and the management style of REX's senior executives. And any other topic covered in this deposition.

- **Andy Barkett. May Testify (Rebuttal Only).**
  - o Address: Address: c/o Boies Schiller Flexner, 100 SE 2nd Street, Suite 2800, Miami, FL 33131
  - o Expected Testimony: his engineering work at REX concerning, among other matters, data analytics, machine learning and artificial intelligence, REX's reliance on Zillow, issues relating to REX's access to certain vendors due to its business model, the impact of the Zillow display change, efforts REX made to mitigate, REX's corporate culture and the management style of REX's senior executives, And any other topic covered in this deposition.

- **Andy Terrel. May Testify (Rebuttal Only).**
  - Address: Address: c/o Boies Schiller Flexner, 100 SE 2nd Street, Suite 2800, Miami, FL 33131
  - Expected Testimony: The development and use of automated systems at REX for various purposes, including data management, workflow management, data analytics, and financial modelling, his role in financial forecasting, REX's reliance on Zillow and the effect of the Zillow display change, REX's corporate culture and the management style and effectiveness of REX's senior executives. And any other topic covered in this deposition.

PRETRIAL ORDER
2:21-CV-00312-TSZ

9

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

(b)   On behalf of defendant:

- **Errol Samuelson: Will testify**
    - Address: c/o Orrick, 401 Union Street, Suite 3300, Seattle, WA 98101
    - Expected Testimony: Zillow's business, the real estate industry, Zillow's reasons for and decision to undertake Project Bookshelf and license in IDX feeds, REX listings on Zillow's website
- **Teresa Thomas: Will testify**
    - Address: c/o Orrick, 401 Union Street, Suite 3300, Seattle, WA 98101
    - Expected Testimony: Zillow's design and development of its two-tab display that was unveiled in January 2021
- **Michael Drath: Will testify (via Deposition Testimony)**
    - Address: c/o Miller Law Partners, 21600 Oxnard Street Suite 380, Woodland Hills, California 91367
    - Expected Testimony: REX's business, mismanagement, SPAC failure, and other circumstances surrounding REX's failure, and any other topic covered in his deposition
- **Lynley Sides (as 30(b)(6)): May testify (via Deposition Testimony)**
    - Address: c/o BOIES SCHILLER FLEXNER LLP, 401 E. Las Olas Blvd. Suite 1200, Fort Lauderdale, FL, 33301
    - Expected Testimony: REX's business operations, and any other topic covered in her deposition

Unless expressly stated above, Zillow intends for its witnesses to testify in person. However, should any of them become unavailable for any reason, Zillow reserves the right to rely on deposition testimony.

Further, Zillow reserves the right to call any witness that Plaintiff has identified as either "Will Call" or "May Call" on its witness list.

PRETRIAL ORDER
2:21-CV-00312-TSZ
10
Orrick, Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

## VII. EXHIBITS

The Parties' respective exhibit lists have been filed as Corrected Joint Amended Exhibit List, docket no. 501-1.  All exhibits that the parties have agreed are admissible (marked on Corrected Joint Amended Exhibit List as "Admissibility Stipulated") are hereby ADMITTED.

## VIII. STIPULATED PROTOCOL FOR EXCHANGE OF EXHIBIT, DEMONSTRATIVE, WITNESS, AND DEPOSITION DESIGNATION INFORMATION

The Parties are working on a proposed protocol and will submit to the Court in advance of the pretrial conference on September 8.

## IX. ACTION BY THE COURT

(a) This case is scheduled for trial before a jury on September 18, 2023, at 9:00 a.m.

(b) Trial briefs have been submitted to the Court.

(c) Objections to the Court's draft jury instructions have been submitted.

This order has been approved by the parties as evidenced by the signatures of their counsel.  This order shall control the subsequent course of the action unless modified by a subsequent order.  This order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated this 15th day of September, 2023.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

PRETRIAL ORDER
2:21-CV-00312-TSZ

11

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

| | |
|---|---|
| By: */s/ Ursula Ungaro*<br>BOIES SCHILLER FLEXNER LLP<br>Ursula Ungaro, Esq.<br>Stephen N. Zack, Esq.<br>100 SE 2nd Street, Suite 2800<br>Miami, FL 33131<br>Telephone: (305) 539-8400<br>Facsimile: (305) 539-1307<br>Email: uungaro@bsfllp.com<br>        szack@bsfllp.com<br><br>Carl E. Goldfarb *(Admitted Pro Hac Vice)*<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 356-0011<br>Facsimile: (954) 356-0022<br>Email: cgoldfarb@bsfllp.com<br><br>David Boies, Esq.<br>BOIES SCHILLER FLEXNER LLP<br>333 Main Street<br>Armonk, NY 10504<br>Telephone: (914) 749-8200<br>Facsimile: (914) 749-8300<br>Email: dboies@bsfllp.com<br><br>***Attorneys for Plaintiff REX – Real Estate Exchange, Inc.***<br><br>McCARTY LAW PLLC<br>Darren L. McCarty *(Admitted Pro Hac Vice)*<br>Cristina M. Moreno *(Admitted Pro Hac Vice)*<br>1410B West 51st Street<br>Austin, TX 78756<br>Telephone: 512-827-2902<br>Email: darren@mccartylawpllc.com<br><br>***Attorneys for Plaintiff REX-Real Estate Exchange, Inc.*** | By:    */s/ Aravind Swaminathan*<br><br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>Aravind Swaminathan (WSBA No. 33883)<br>aswaminathan@orrick.com<br>Nicole Tadano (WSBA No. 40531)<br>ntadano@orrick.com<br>Aaron P. Brecher (WSBA No. 47212)<br>abrecher@orrick.com<br>401 Union Street, Suite 3300<br>Seattle, WA 98104<br>Telephone: 206-839-4300<br>Facsimile: 206-839-4301<br><br>Laura Najemy (Admitted *Pro Hac Vice*)<br>lnajemy@orrick.com<br>222 Berkeley Street<br>Suite 2000<br>Boston, MA 02116<br>Telephone: 617-880-1800<br><br>Paul Stancil (Admitted *Pro Hac Vice*)<br>pstancil@orrick.com<br>609 Main Street<br>40th Floor<br>Houston, TX 77002<br>Telephone: 713-658-6446<br><br>Jesse Beringer (Admitted *Pro Hac Vice*)<br>jberinger@orrick.com<br>1152 15tg Street, N.W.<br>Washington, DC 20005<br>Telephone: 202-339-8671<br><br>DECHERT LLP<br>John "Jay" Jurata, Jr. (Admitted *Pro Hac Vice*)<br>jay.jurata@dechert.com<br>Erica Fruiterman (Admitted *Pro Hac Vice*)<br>erica.fruiterman@dechert.com<br>1900 K Street, N.W.<br>Washington, DC 20006<br>Telephone: 202-261-3440<br><br>Russell P. Cohen (Admitted *Pro Hac Vice*)<br>russ.cohen@dechert.com<br>One Bush Street, Suite 1600<br>San Francisco, CA 94104<br>Telephone: 415-262-4506<br><br>***Attorneys for Defendant Zillow Group, Inc.*** |

PRETRIAL ORDER
2:21-CV-00312-TSZ

12

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300