THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REX – REAL ESTATE EXCHANGE, INC.,

        Plaintiff,

  v.

ZILLOW, INC., et al.

        Defendants.

Case No. 2:21-cv-00312-TSZ

**PLAINTIFF'S RESPONSE TO THE JURY INSTRUCTIONS PROPOSED BY THE COURT**

BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
(954) 540-6219

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

I.      INTRODUCTION .................................................................................1

II.     THE COURT SHOULD GIVE A "SUBSTANTIAL FACTOR"
        INSTRUCTION.......................................................................................1

III.    THE COURT SHOULD NOT GIVE A NOMINAL DAMAGES
        CHARGE. ...............................................................................................2

        A.      It is REX's prerogative to request or waive a nominal damages
                charge. ..........................................................................................3

        B.      REX is willing to accept an adverse verdict if the jury awards no
                compensatory damages. ...............................................................4

IV.     THE COURT SHOULD NOT CHANGE INSTRUCTION 15A...............4

V.      CONCLUSION.........................................................................................5

CERTIFICATE OF SERVICE ................................................................................6

Plaintiff's Response to the Jury Instructions     i
Proposed by the Court

Case No. 2:21-cv-00312-TSZ

Boies Schiller Flexner LLP
401 E. Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
(954) 540-6219

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Abbott Labs.v. Adelphia Supply US*,
15CV5826CBALB, 2019 WL 5696148 (E.D.N.Y. Sept. 30, 2019)................................2

*American Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*,
640 F. Supp. 1411 (E.D.N.C. 1986)..................................................................2

*Azimi v. Jordan's Meats Inc.*,
456 F.3d 228 (1st Cir. 2006) ..........................................................................3

*Bracco Diagnostics, Inc. v. Amersham Health, Inc.*,
627 F. Supp. 2d 384 (D.N.J. 2009) ..................................................................1

*Hydro Inv'rs, Inc. v. Trafalgar Power Inc.*,
227 F.3d 8 (2d Cir. 2000)................................................................................2

*Klem v. Wash. Mut Bank*,
176 Wn2d 771, 295 P.3d 1179 (2013)..............................................................4

*Peerless Heater Co. v. Mestek, Inc.*,
No. 98–6532, 2000 WL 637082 (E.D. Pa. May 12, 2000) ................................2

*Randolph v. Metropolitan TransportationAuthority*,
17cv1433(DLC), 2019 WL 1567663 (S.D.N.Y. Apr. 11, 2019) ......................4

*Rush v. Blackburn*,
190 Wn. App. 945, 361 P.3d 2017 (2015) .......................................................4

*Salazaar v. Encinas*,
242 F.3d 390 (Table), 2000 WL 1843240 (10th Cir. 2000) ............................4

*Seven–Up v.Coca–Cola*,
86 F.3d 1379 (5th Cir. 1996) ..........................................................................2

*Vilkhu v. City of New York*,
No. 06 Civ. 2095, 2009 WL 537495 (E.D.N.Y. Mar. 2, 2009),
*aff'd* 372 F. App'x. 222 (2d Cir. 2010)............................................................3

<u>Statutes</u>

15 U.S.C. §45(n) ............................................................................................4

PLAINTIFF'S RESPONSE TO THE JURY INSTRUCTIONS   ii
PROPOSED BY THE COURT

Case No. 2:21-cv-00312-TSZ

BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
(954) 540-6219

## I.    INTRODUCTION

The Court provided the Parties with updated revised draft jury instructions on September 26, 2023 (the "Fourth Proposed Jury Instructions"). REX hereby requests two changes to the Fourth Proposed Jury Instructions.

*First*, the Court has proposed removing "substantial factor" language from Instruction 16. REX objects to that removal.

*Second*, the Court has proposed adding a nominal damages instruction to Instruction 17. REX objects to that addition.

Additionally, Zillow has requested that the Court narrow Instruction 15A. REX objects to Zillow's request.

## II.    THE   COURT   SHOULD   GIVE   A   "SUBSTANTIAL   FACTOR"   INSTRUCTION

In the Fourth Proposed Jury Instructions, the Court's proposed Instruction 16 regarding proximate cause strikes the following language: "Injury or damages are caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act *played a substantial part in bringing about or actually causing the injury or damages,* and that the injury or damages were either a direct result or a reasonably probable consequence of the act or omission." (emphasis added).

Removing the substantial factor language would ignore its applicability in false advertising cases. "Numerous courts have applied the material factor test in the false advertising context" under the Lanham Act. *Bracco Diagnostics, Inc. v. Amersham Health, Inc.,* 627 F. Supp. 2d 384, 486 (D.N.J. 2009) (collecting cases). Thus, in a false advertising claim under the Lanham Act, REX is entitled to damages if it shows that the Zillow Defendants' misconduct was "a material factor (also called a 'substantial' factor) in [REX's] losses." *Id.* (citing ample support for the application of the "substantial factor" test in false advertising cases*).*

BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
(954) 540-6219

In *Seven–Up v. Coca–Cola*, the Fifth Circuit, noting that "[t]he jury . . . concluded [the defendant's] presentation was a substantial factor in causing bottlers to switch to defendant's product," explained that "it is only necessary that plaintiff demonstrate that defendant's illegal conduct was a substantial cause of injury to plaintiff's business. Plaintiff is not required to prove that the defendant's conduct was the only or even the predominant cause of this injury."). 86 F.3d 1379, 1387 n.12 (5th Cir. 1996) (quoting *American Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*, 640 F. Supp. 1411, 1444 (E.D.N.C. 1986)); *see also Peerless Heater Co. v. Mestek, Inc.*, No. 98–6532, 2000 WL 637082, at *4, at *11 (E.D. Pa. May 12, 2000) ("To satisfy this causation requirement [for the Lanham Act], the plaintiff must prove that the defendants' activities were a material cause of the injury, but need not eliminate all possible alternative sources of injury as the cause of its injury.").

Similarly, in *Abbott Labs. v. Adelphia Supply US*, a New York district court found that in a Lanham Act action, the "proximate cause determination does not require a jury to identify the liable party as the sole cause of harm; it only asks that the identified cause be a substantial factor in bringing about the injury." 15CV5826CBALB, 2019 WL 5696148, at *50 (E.D.N.Y. Sept. 30, 2019) (quoting *Hydro Inv'rs, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000)).

Because false advertising claims generally, and Lanham Act claims in particular, admit of liability where the defendant's conduct was merely a substantial factor in the plaintiff's injury, the Court should not strike the substantial factor language from Instruction 16.

## III. THE COURT SHOULD NOT GIVE A NOMINAL DAMAGES CHARGE.

The Court has proposed adding the following language to Instruction 17:

> With respect to plaintiff's first claim for false advertising in violation of the Lanham Act, the law authorizes an award of nominal damages. If you find for plaintiff with respect to its first claim, but you find that plaintiff has failed to prove damages as defined in this instruction, then you must award nominal damages. Nominal damages may not exceed one dollar."

(the "Nominal Damages Instruction").

REX objects to the addition of the Nominal Damages Instruction and represents that, if the Court declines to instruct the jury on nominal damages, REX is willing to accept an adverse verdict should the jury ultimately find liability but not award REX compensatory damages.

### A.   It is REX's prerogative to request or waive a nominal damages charge.

"[I]t is plaintiff's prerogative to request or to waive a nominal damages charge. Regardless of the cost or benefit to the plaintiff, a plaintiff is entitled to determine independently the type of relief he or she will seek." *Vilkhu v. City of New York*, No. 06 Civ. 2095, 2009 WL 537495, at *6 n.6 (E.D.N.Y. Mar. 2, 2009), *aff'd* 372 F. App'x. 222 (2d Cir. 2010).

Providing plaintiffs with this choice recognizes that the nominal damages charge is for a plaintiff's benefit, not the defendant's. 2009 WL 537495, at *5 ("[T]he availability of nominal damages, where appropriate, is intended to benefit the plaintiff.") (collecting cases). The *Vilkhu* court offers a succinct and perspicacious description of the "strategic choice" plaintiffs face when deciding whether to seek a nominal damages jury charge:

> In cases where the proof of plaintiff's injury is slim or contested . . . a nominal damages instruction affords the jury an opportunity to engage in improper compromise. In such cases, a plaintiff should be allowed to determine whether to seek both nominal and compensatory damages, or whether to remove the option of nominal damages from the jury's consideration and instead seek an outcome in his case based on his showing of proximately caused actual injury. To afford a defendant an equal right to a nominal damages charge in such a case would preclude a plaintiff from making this strategic choice.

*Id*. at *5–6.

Here proof of plaintiff's injury is clearly contested and so plaintiff should be permitted to choose whether or not to seek a nominal damages instruction. Other courts have also recognized a plaintiff's prerogative to request or decline such an instruction. *See, e.g.*, *Azimi v. Jordan's Meats Inc.*, 456 F.3d 228, 240 (1st Cir. 2006) (acknowledging the

PLAINTIFF'S RESPONSE TO THE JURY INSTRUCTIONS   3
PROPOSED BY THE COURT

Case No. 2:21-cv-00312-TSZ

BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
(954) 540-6219

1   "strategic choice whether to ask for a nominal damages instruction," given that "there are

2   good reasons why a plaintiff may choose not to give a jury the 'out' of awarding nominal

3   damages as an alternative to awarding compensatory damages"); *Salazaar v. Encinas*, 242

4   F.3d 390 (Table), 2000 WL 1843240 (10th Cir. 2000) (acknowledging plaintiff's "strategic

5   choice" to not give nominal damages instruction).

6         **B.**    <u>**REX is willing to accept an adverse verdict if the jury awards no**</u>

7                      <u>**compensatory damages.**</u>

8            When a plaintiff waives its right to have the jury receive a nominal damages

9   instruction, that plaintiff accepts the risk of an adverse judgment notwithstanding a jury

10  finding of liability. For example, in *Randolph v. Metropolitan Transportation Authority*,

11  the "plaintiff argued that it is within the Court's discretion not to issue a nominal damages

12  charge and that he should be afforded the strategic choice of waiving a nominal-damages

13  charge in this case." No. 17cv1433(DLC), 2019 WL 1567663, at *3 (S.D.N.Y. Apr. 11,

14  2019). The *Randolph* court "allowed the plaintiff to waive a request for an award of

15  nominal damages, but explained that should the jury fail to award compensatory damages,

16  a verdict in favor of the defendants shall be entered notwithstanding any jury finding of

17  liability." *Id.* REX understands this risk and is willing to accept it.

18  **IV.**     **THE COURT SHOULD NOT CHANGE INSTRUCTION 15A**

19           Zillow asks the court to delete the phrase "competitors, or other businesses" from

20  instruction 15A. The Court should decline to do so. The language Zillow wants to strike is

21  drawn directly from *Rush v. Blackburn*, 190 Wn. App. 945, 961–63, 361 P.3d 2017 (2015)

22  ("whether it causes substantial injury to consumers (or competitors or other businessmen").

23  Zillow argues the Court should change the instruction to copy verbatim the language in 15

24  U.S.C. §45(n). But *Klem v. Wash. Mut Bank*, 176 Wn2d 771, 787, 295 P.3d 1179 (2013)

25  explicitly states: "Although we have been guided by federal interpretations, Washington

26  has developed its own jurisprudence regarding the application of Washington's CPA."

27  Zillow has not explained why this Court should blindly adopt the narrower language in the

28

BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
(954) 540-6219

federal statute, given Washington's practice of developing its own CPA jurisprudence and the legislature's commitment to a liberal construction of the CPA.

## V.    CONCLUSION

For the foregoing reasons, REX asks that the Court not remove the substantial factor language from Instruction 16, not include the nominal damages instruction as part of Instruction 17, and reject Zillow's request to narrow Instruction 15A.

Dated: September 28, 2023                **BOIES SCHILLER FLEXNER LLP**

By: */s/ Carl E. Goldfarb*
    Carl E. Goldfarb (Admitted *Pro Hac Vice*)
    BOIES SCHILLER FLEXNER LLP
    401 East Las Olas Blvd., Suite 1200
    Fort Lauderdale, FL 33301
    Telephone: (954) 356-0011
    Facsimile:  (954) 356-0022
    cgoldfarb@bsfllp.com

    Ursula Ungaro
    Stephen N. Zack
    Boies Schiller Flexner LLP
    100 SE 2nd Street, Suite 2800
    Miami, FL  33131
    Telephone: (305) 539-8400
    Facsimile:  (305) 539-1307
    uungaro@bsfllp.com
    szack@bsfllp.com
    James Denvir
    Boies Schiller Flexner LLP
    1401 New York Ave, NW
    Washington, D.C, 20005
    Telephone: (202) 237-2727
    Facsimile:  (202) 237-6131
    jdenvir@bsfllp.com

PLAINTIFF'S RESPONSE TO THE JURY INSTRUCTIONS   5
PROPOSED BY THE COURT

Case No. 2:21-cv-00312-TSZ

BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
(954) 540-6219

David Boies
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY  10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
dboies@bsfllp.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 28, 2023, I served foregoing document to be filed in this Court's CM/ECF system, which will send notification of such filing to the counsel of record.

By: */s/ Carl E. Goldfarb*
Carl E. Goldfarb, Esq.

BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
(954) 540-6219